WILLIAM M. EVANS, plaintiff in error, vs. JAMES R. WALKER, defendant in error.

Under the Ordinance of the Convention, the Judge has no right to tell the jury not to consider evidence of the value of Confederate currency at the time the contract was made, and restrict them to the value at the time the debt became due. The Ordinance being valid, it follows indisputably that the charge and refusal to charge were erroneous.

Complaint.    In Taylor Superior Court.    Tried before Judge WORRILL.    October Term, 1866.

Evans sued Walker on a prommissory note, for one thousand dollars, dated May 4th, 1863, and due the 4th day of May next thereafter.

The plaintiff admitted that the consideration of the note was Confederate Treasury notes. It was agreed that at the date of the note the value of Confederate Treasury notes was one dollar in gold for five dollars of them, and that when the note became due the value was twenty dollars in Confederate Treasury notes for one in gold, and that at the time of trial Federal currency was at 45 per cent. discount for gold.

The Court charged that the note being given for Confederate notes, the presumption was that it was payable in the same currency, and the jury should ascertain the value of Confederate money at the time the note fell due, and find a verdict for the amount they might find due on that basis, with 45 per cent. added for the depreciation of Federal currency, with interest from the date of the note.

Counsel for plaintiff requested the Court to charge the jury that they might also take into consideration the value of the Confederate notes at the time they were borrowed, and render a verdict on that basis on principles of equity. The Court refused to charge as requested. To the charge, as given, and the refusal to charge, plaintiff excepted.

The jury returned a verdict for the plaintiff for $77.50, with interest and cost.

8

CABINESS & PEEPLES, for plaintiff in error.

B. HILL, for defendant.

LUMPKIN, C. J.

Was the charge given to the jury in this case, as well as his refusal to charge, as requested by plaintiff's counsel, correct? We think not. The Ordinance passed by the Convention, the 8th of November, 1865, Section 2, provides: "That all contracts made between the first of June, 1861, and the first of June, 1865, whether expressed in writing or implied, or existing in parol, and not yet executed, shall receive an equitable construction, and either party in any suit for the enforcement of any such contract, may, upon the trial, give in evidence, the consideration and the value thereof at any time, and the intention of the parties as to the particular currency in which payment was to be made, and the value of such currency at any time, and the verdict and judgment rendered shall be on principles of equity: Provided, that contracts executed within the time specified, and which were simply in renewal of original contracts made before the said first day of June, shall stand upon the footing of contracts executed before hostilities commenced."

We concede there is trouble in giving to this Ordinance a proper construction. But our conclusion is this: that in that class of contracts embraced by it, to-wit, those made between the first of June, 1861, and first of June, 1865, the proper course to be pursued is this: Let the Judge who has the case to try, give the Ordinance in charge—*the whole* Ordinance—(not that every portion of it applies to every case that comes up) and then instruct the jury to consider the whole, not for the purpose of making a different contract from that entered into between the parties, but to ascertain their true meaning and intention, giving an equitable construction to the agreement, and then return a verdict on the principles of equity. We certainly think that the

Convention intended to give to the jury more than the ordinary discretion delegated to jurors, which should be respected by the Courts, unless flagrantly abused to the manifest wrong and injury of the parties.

Now, in the case before us, the Court excluded the jury from considering the value of Confederate currency at the time the note was given, or at any time thereafter, except when the debt fell due. True, the evidence was admitted; but of what avail was it to admit the proof, and then to exclude it from being considered by the jury. And this is certainly in the very teeth of the Ordinance, if the words " value of such currency *at any* time," have their appropriate meaning. Many of this class of contracts, embraced in the Ordinance, are impossible to be literally performed; as when payable in Confederate money, for instance. In this and all such cases the jury will have to arrive at what is equitable between the parties, and find accordingly.

Judgment reversed.