Taylor, et. al. vs. Flint, et. al.

---

WILLIAM TAYLOR, in right of his wife, and as Guardian of ADOLPHUS T., JAMES A. and MARIA MOUGHON ; and JOSEPH A. DAVIS, in right of his wife, plaintiffs in error, vs. THOMAS J. FLINT, in right of his wife, and as Guardian of INDIA H. MOUGHON ; and JOSEPH A. DAVIS, Administrator of THOMAS MOUGHON, deceased, defendants in error.

[1.] The errors complained of, must be plainly and distinctly set forth in the Bill of Exceptions.

[2.] When the family of a decedent embraces two sets of children, each set is entitled to an allowance of furniture, or to an equivalent in lieu thereof.

[3.] The Constitutionality of a law is not to be called in question by a Court unless absolutely necessary.

[4.] The Ordinance of 1865, for adjusting contracts according to equity, construed; and its constitutionality affirmed.

Award by Judge CLARK.    At Chambers.    August, 1866.

Mrs. Taylor and Mrs. Davis, together with the three minors of which Taylor is guardian, are the children of Thomas Moughon by his first marriage.    Flint married the widow of Thomas Moughon, and is guardian of her child, the offspring of Moughon's second marriage.

After Moughon's death, the appraisers appointed by the Ordinary to set apart a years support, etc., to his family, assigned to the minors by the first marriage, among other things, ten thousand five hundred and forty-three dollars in

Confederate Treasury notes, " as an offset to the furniture set apart to Mrs. Moughon and child."

In March, 1865, and afterwards, the widow, now Mrs. Flint, bought of the administrator, property to the amount of $27.897, in Confederate Treasury notes, with the understanding that such sum should be receipted for by her as a part of her distributive share of her deceased husband's estate.

In August, 1866, all the parties to this writ of error submitted to Judge Clark, with leave to except to his decision, divers matters touching the estate of Thomas Moughon ; among them the following questions :

What amount, in present currency, shall be paid by the administrator to the guardian of the three minors, in lieu of such portion of years support as has not been consumed by them, or appropriated to their use ?

What amount, in present currency, shall be accounted for by Thomas J. Flint, in right of his wife, in lieu of said sum of $27.897, in Confederate currency ?

In the award rendered by Judge Clark, he held, on the first question, that the appraisers were not authorized by law to allow the sum given as a set-off to the furniture set apart to the widow and her child, and he, therefore, disallowed that item altogether.

The second question he disposed of by reducing the $27.897, in Confederate currency, to its value in gold at the time the property was purchased, holding that the Ordinance of the late Convention, in so far as it permits a valuation of property at any time other than the time of the contract, is unconstitutional, because the legal presumption is, that parties enter into a contract with reference to the value of property at the time when the contract is made, and not at a former or subsequent period.

Irvin, for plaintiffs in error.

Hines & Hobbs, for defendants.

HARRIS, J.

[1.] We have found it very difficult to collect from the bill of exceptions the grounds of error, which are alleged, generally, to exist in the decision of the many questions submitted to Judge Clark. A more imperfect bill we have never seen; carelessly drawn, and without the assignment of a specific error.

This laxity we are determined to arrest.

The bill of exceptions must contain the assignments of error, plainly and distinctly set forth. Nothing, it appears to us, can be easier than for counsel bringing up a case for review, to state the ruling or decision of the Judge, and wherein the error exists.

It will be our duty, upon motion, to dismiss, with costs, *hereafter*, such imperfect bills of exceptions ; and, it is to be hoped, that no weak indulgence will lead us to tolerate such gross violations of positive rule.

But we have had to encounter other embarrassments ; the case was not argued, nor were we furnished with briefs of the points made, and of the authorities to support them.

Under such circumstances, without the assistance to which we were entitled, we have had to grope our way through the record upon a voyage of discovery.

Thus situated, if we shall have failed to have comprehended the case, the causes which have led to such a result have been indicated.

[2.] It occurs to us that the Circuit Judge erred upon the fifth point submitted for his decision, in disallowing the award made by the appraisers to the first set of children of Thomas Moughon, deceased, of ten thousand five hundred and forty-three dollars, in Confederate Treasury notes. As the law making distribution of intestate estates contemplates equality, we do not perceive how its spirit can be preserved where there are two sets of children, as here, but by assigning, in kind, furniture to the elder set, as is required to be set apart for the widow and her children. Whilst it is true there is no

express provision requiring this to be done, it is very evident that it should be done, unless the elder set of children should have received the full shares to which they were entitled in other property.    Whether they had received an equivalent for furniture, in other kinds of property, or not, we are unable to gather from the record; we have, therefore, inferred that they had not.

[3.] In reference to the opinion expressed by the Judge as to the Ordinance of the Convention being *unconstitutional, if it permits or seems to permit* a valuation to be affixed at a time different from the contract, we deem it unfortunate that he should have expressed an opinion even hypothetically. It was unnecessary, as it was apparent in his view the Ordinance was constitutional by confining the valuation to the time of the contract.    His award should have been specific and in accordance with that view of the Ordinance which he deemed constitutional, and if with it thus made either party should have been dissatisfied, then the question, upon being brought here, would have required a direct decision whether the Judge's interpretation of it was right.

It is a rule of the highest Court in the United States, and which has been repeatedly and most emphatically approved and followed by this Court, never to allow the constitutionality of any law or Ordinance to be drawn into question and decided upon, unless such decision should be found to be absolutely necessary to a disposition of the case.

We would be pleased to see our brethren of the Circuit Bench carefully observing the rule stated, which we deem to be eminently wise, productive of harmony in the co-ordinate departments of government, and which was first announced by the most illustrious Judge America has yet produced—Chief Justice John Marshall.

[4.] In the case of *Slaughter, administrator, vs. Culpepper et. al.*, from Mitchell county, decided at this Term, we have expressed our opinion as to the constitutionality of that Ordinance.    In that case, it was held that the Ordinance did not affect the contract itself, but was intended to prescribe a

rule of evidence so as by all the lights which could be thrown on a transaction, the contract might be ascertained, and then enforced on principles of natural equity; or, in other words, of compelling, as far as practicable, men to adjust their controversies upon the golden rule of doing unto others as they would be done by.

Let the judgment below be made to conform to this opinion.