HOWELL CHERRY, plaintiff in error, vs. JAMES R. WALKER, defendant in error.

NOTE. WARNER, C. J., did not preside in this case.

On the trial of an action on a promissory note given in consideration of Confederate notes, the Court charged the jury, " That in determining the equities in this case, you may consider the law read from the Code, (sec. 2723,) authorizing the holder of a note payable in specifics, on failure of payment, to recover the value of such articles at the time the note is due and payable, but you are not bound to do so." Held, that this charge is erroneous, being calculated to make the jury believe that the value of Confederate notes, at the time the note falls due, is the amount for which they should find.

Assumpsit.    Confederate Contract.    Tried before Judge WORRILL.   Taylor Superior Court.   April Term, 1867.

Howell Cherry sued James R. Walker on a promissory note, in the usual form, for $4,280, dated May 4th, 1863, and due 4th May, 1864.   In April, 1866, a verdict for the full amount was given, and defendant appealed.

At the appeal trial, plaintiff introduced the note and closed.

The defendant introduced an admission that the consideration of the note was Confederate States treasury notes, loaned to defendant by plaintiff; that at its date, one dollar in gold was worth five dollars of said treasury notes, and at its maturity, one dollar in gold was worth twenty dollars of said treasury notes; and that at the trial, the premium in greenbacks, was thirty-five per cent. for gold.

The Court charged the jury, that it being admitted that the consideration of the note was Confederate currency, the presumption was that the note was to be paid in the same currency; and that in determining the equities of the case, they might take the value of Confederate treasury notes, as proved, at the date of the contract, or the value of the same at the maturity of the note.

And, by request of defendant's attorneys, he further charged, that in determining the equities of the case, the jury might consider the section of the Code, as to notes payable in specifics, which had been read to them, (which gives the value of.

Cherry *vs.* Walker.

the articles when due and payable, on failure to pay); but that they were not bound to do so. Verdict was for $289, with interest and costs.

A motion for new trial was made upon the grounds:

1st. That the verdict was contrary to equity and the principles of justice and equity, and contrary to law.

2d. Because the Court erred in charging that the presumption was, that the note was to be paid in the same currency for which it was given.

3d. Because the Court erred in charging, that in fixing the equities, the jury might take the value of said currency at the date or at the maturity of the note.

4th. Because the Court erred in charging as requested by defendant's attorney aforesaid.

The motion for new trial was overruled, and plaintiff excepted, and assigns error upon the several grounds therein set forth.

CABANISS & PEEPLES, (represented by N. J. HAMMOND,) WALLACE & ROSS, for plaintiff in error.

B. HILL, for defendant in error.

WALKER, J.

In Evans vs. Walker, decided at December Term, 1866, the Court below instructed the jury, that the value of Confederate notes at the time the debt became due, was the measure of the plaintiff's rights. There as here, the consideration of the note sued on, was Confederate notes borrowed, and payable at a period in the future, with legal interest. There as here, the notes had greatly depreciated from the time the note was given, until it fell due. We thought the Judge erred, and reversed his ruling. In this case, the charge given by request of the defendant's counsel, is substantially the same as that given in Evans vs. Walker. It is true that the Court here tells the jury that they are not bound to adopt the rule prescribed by the Code, sec. 2723, for a note payable

Cherry *vs.* Walker.

in specifics; but it was improper to refer to this section at all, as the rule in this case, because it would tend to control the minds of the jury. The ordinance is very broad, and it is better to enforce it according to its terms.

We do not attempt to prescribe general rules which shall apply to all cases under the ordinance.   In Evans vs. Walker, we announced our views of this ordinance. In that case we said, " That in that class of cases embraced by the ordinance, the proper course to be pursued is this: let the Judge who has the case to try, give the ordinance in charge, the whole ordinance, (not that every part applies to every case that comes up,) and then instruct the jury to consider the whole, not for the purpose of making a different contract from that entered into between the parties, but to ascertain their true meaning and intention, giving an equitable construction to the argument, and then returning a verdict on the principles of equity. We certainly think that the convention intended to give to the jury, more than the ordinary discretion delegated to jurors, which should be respected by the Courts, unless flagrantly abused to the manifest wrong and injury of the parties."

This is as far as a majority of the Court is now prepared to go.   Were we to attempt by general rules, to control the decision of future cases, we should probably defeat the salutary provisions of the ordinance.   We think it better that each case be decided upon its own peculiar facts, under such of the provisions of the ordinance as may be applicable. While this course will not be very satisfactory to ourselves or to the profession, yet it will advance the ends of justice, and carry out the intention of the law-making power, and therefore we should to pursue it.

Judgment reversed.