JOSEPH R. HIGH, plaintiff in error, *vs.* JAMES McHUGH, defendant in error.

1. Under the Scaling Ordinance of 1865, the parties to contracts made between 1st June, 1861, and 1st June, 1865, have the right to give in evidence to the jury the consideration of the contract, and the value thereof, *at any time;* and the intention of the parties as to the particular currency in which payment was to be made, and the value of such currency *at any time,* and the verdict and judgment rendered shall be on principles of equity.

2. The evidence in this case having been fairly submitted to the jury, in accordance with the Ordinance, and there being sufficient evidence to support the verdict, and the presiding Judge being satisfied with it, this Court will not set it aside.

Scaling Ordinance. Motion for new trial. Decided by Judge ROBINSON. Morgan Superior Court. September Term, 1868.

High sued McHugh upon a promissory note for $1093 95, dated 3d of March, 1863, and due the 25th of December then next. McHugh plead that the note was given for land, that it was to have been discharged in Confederate currency, that when the note fell due, he tendered High's agent such currency in payment, and it was refused, and that he kept the same till it was worthless. The trial resulted in a verdict for High for $109 39 in gold, (without interest,) or its equivalent in greenbacks, when paid. High moved for a new trial upon several grounds, all resolvable into this : that the verdict was too small under the evidence. The Judge refused a new trial, and of that refusal complaint is made here. For so much of the testimony as is necessary to understand the cause, see the opinion of the Court.

High *vs.* McHugh.

BROWN, C. J.

1. This contract was made between the first June, 1861, and the first June, 1865, and is, therefore, embraced in the provisions of the Scaling Ordinance, passed by the Convention of 1865. That Ordinance authorizes the parties to give in evidence to the jury on the trial, the consideration of the contract, and the value thereof, *at any time*, and the intention of the parties as to the particular currency in which payment was to be made, and the value of such currency *at any time*, and leaves the jury to find a verdict, and makes it the duty of the Court to render a judgment, "on principles of equity," between the parties.

This Ordinance has been sustained by this Court as constitutional, and has been enforced in a number of cases. See *Slaughter et al. vs. Culpepper et al.*, 25 *Ga.*, 26. *Evans vs. Walker*, 35 *Ga.*, 117. *Taylor et al. vs. Flint et al.*, 35 *Ga.*, 124. *Cherry vs. Walker*, 36 *Ga.*, 327. *Field, Adm'r, vs. Leak*, 36 *Ga.*, 362. *Oliver & Wooten vs. Coleman*, 36 *Ga.*, 552. In several of these cases the Court holds that "more than ordinary discretion" is delegated to jurors by the Ordinance. In the case last cited, it is said with emphasis that jurors should be allowed a "*liberal discretion*" under it.

Apply these rules to this case, and we see no sufficient reason for disturbing this verdict. There was evidence to support the finding, and it was the province of the jury to consider the evidence when in conflict, and determine what part of it was entitled to most weight.

2. At the time the note was made the evidence shows that one dollar in gold was worth three and a fraction in Confederate currency. When due, one dollar in gold was worth twenty-one in the same currency. The value of the land is differently estimated in the evidence, and no very definite conclusion as to its value at the time of the trade, or the trial, can be arrived at by an examination of the testimony. The verdict seems to have been predicated upon neither the value of gold in Confederate currency, when the contract was made, nor when the note was due, but the jury estimated

the currency at about ten for one. If the verdict was intended as a compromise between the value of the two periods, the advantage upon that basis is given in favor of the plaintiff. It is objected that no interest is allowed the plaintiff. We can not so determine from the record. The evidence shows that the sale was to have been for cash when agreed upon. But as the defendant had not enough of currency to pay the full amount when the trade was closed, Mr. High received what he had, and took this note, giving time on the balance. As the note does not bear interest till due, the supposition is that the interest was estimated and put in the face of the note as principal, or was waived. After carefully considering this case, and taking into consideration the fact that the Judge before whom it was tried, was satisfied with the verdict, we are not prepared to say that it is so strongly and decided against the weight of evidence as to justify us in setting it aside and granting a new trial.

Judgment affirmed.