413     *JOHN WALKER, plaintiff in error, v. JAMES JACKSON, guardian, defendant in error.

(Atlanta, June Term, 1870.)

[McCay, J., did not preside in this cause.]

APPELLATE PRACTICE — DISMISSAL — LACK OF DILIGENCE IN PROCURING CERTIFICATION OF RECORD.—A cause was twice continued here because the record was incomplete. At the third term it was dismissed because it was the third term of said cause and because plaintiff in error showed no diligence in trying to get the record here. (R.)

Practice. Constitutional law. From Schley.

This cause came up to June Term, 1869. At that term, a diminution of the record was suggested and the cause was continued. The record being yet incomplete, at December Term, 1869, it was again continued. At June Term, 1869, the Court dismissed the bill of exceptions because it was the third term and plaintiff in error had showed no diligence to procure the record to be certified.

W. A. Hawkins, R. F. Lyons, for plaintiff in error.
B. Hill, Blanford & Miller, for defendant.

---

N. A. SMITH et al., plaintiffs in error, v. A. V. BOATRITE et al. defendants in error.

(Atlanta, June Term, 1870.)

BILL OF EXCEPTIONS—DECISION AND ERRORS MUST BE PLAINLY STATED.*—A bill of exceptions must specify plainly the decision complained of and the error alleged, and if it do not it will be dismissed. (R.)

Bill of Exceptions. From Marion county. March Term, 1870.

The bill of exceptions recited, without more, that the cause of Jackson M. Magill, administrator, etc., against A. V. Boatrite et al., a bill for relief, direction and injunction was submitted for final decree, and upon the pleadings "a report of the Master and the things therein contained being considered by the Judge, he rendered a decree which is of record 414     *which is referred to in this bill of exceptions, to which decree the heirs at law, N. A. Smith and others (named), except."

Upon motion of defendant's counsel, the bill of exceptions was dismissed because it did not specify plainly the decision complained of and the errors alleged.

B. B. Hinton, for plaintiff in error.
Peabody & Brannon, for defendant.

---

*BILL OF EXCEPTIONS—ERRORS MUST BE PLAINLY STATED.—See foot-note to Taylor v. Flint, 35 Ga. 124.