COMMISSIONERS OF BARTOW COUNTY *v.* CONYERS, administrator, and *vice versa.*

1. The question of the liability of Bartow County upon the bond involved in the present case has been settled by former decisions of this [court, and is no longer open. According to those decisions, this bond was a lawful and valid contract, and, as such, binding upon the county.

2. By the scaling ordinance adopted by the constitutional convention of 1865 it was provided, that in suits instituted for the enforcement of contracts made between June 1, 1861, and June 1, 1865, the value of the consideration of such contract at any time, and the value of the currency in which payment was to be made at any time, may be given in evidence. This ordinance is the law of Georgia, and under its provision the court erred in restricting the evidence to the value of Confederate money (in which payment was to be made) at the time of the execution of the contract.

3. Under the ordinance before referred to, it was lawful for either party, upon the trial of a suit for the enforcement of such a contract, to give in evidence the consideration of the same; and it was therefore error to exclude evidence offered to show what was the consideration of such contract.

Argued June 15, — Decided July 28, 1899.

Complaint. Before Judge Janes. Bartow superior court. July term, 1898.

*R. J. & J. McCamy, J. H. Wikle, A. M. Foute,* and *A. S. Johnson,* for commissioners. *J. B. Conyers* and *B. J. Conyers,* contra.

LITTLE, J. 1. The validity of the bond upon which suit was brought in this case has, in effect, been repeatedly determined by this court in adjudicating the validity of other bonds of the same issue, having the same obligation. The bond recites that the County of Bartow owes to Bennett H. Conyers or

bearer the sum of nine thousand, seven hundred and sixty-five dollars for the amount paid by him this day into the treasury of said county, for the support of soldiers' families in accordance with the provisions of an order passed by the inferior court of said county on the 6th day of February, 1863. It bears date October 27, 1863, and became due by its terms on January 1, 1864, with interest at the rate of seven per centum per annum. In the case of *Akin* v. *Ordinary,* 54 *Ga.* 59, which was a suit on a similar bond, this court, in adjudicating the question whether it was issued in aid of "the rebellion," said, "The borrowing of money by the county and appropriating the same for the support of *indigent* soldiers' families, and other needy persons, can not be considered, in a legal sense, as having been done in aid of the rebellion. The object and purpose was to relieve the immediate wants of suffering humanity, no matter from what cause produced. If there were women and children of *indigent* soldiers in the county actually suffering for the common necessaries of life, it was the duty of the county to have provided for their immediate wants as an act of humanity recognized by all civilized nations; and if the lender of the money had known it was to be appropriated for that purpose, it would not have made the contract illegal, either by human or divine law." For similar rulings on the question, see *Commissioners* v. *Newell,* 64 *Ga.* 699; *Pritchett* v. *Commissioners,* 93 *Ga.* 736; and *Neel* v. *Commissioners,* 94 *Ga.* 216. So that the question of the validity of the bond is no longer an open one; and the decisions of this court in the cases named are adhered to and once more affirmed.

2. A second question is raised by the record in this case. Error is assigned because the court, among other things, charged the jury as follows: "The sole question for you to determine in this case is the value of Confederate money at the time the bond sued on was executed, the 27th October, 1863." It is not denied that the amount of the verdict which should have been rendered was to be based on the value of Confederate money; but it is claimed that the court should have left to the jury the power to find the value of such money at the date the bond became due, to wit, January 1, 1864, and at

any time from the date of the bond to its maturity, or at any other time. - By an ordinance of the convention called to revise and amend the constitution of Georgia, which assembled in November, 1865, it was provided that all contracts made between the first of June, 1861, and the first of June, 1865, not yet executed, shall receive an equitable construction, and either party in any suit for the enforcement of such contracts may upon the trial give in evidence the consideration and value thereof at any time, and the intention of the parties as to the particular currency in which payment was to be made, and the value of such currency at any time; and the verdict and judgment rendered shall be on principles of equity. Convention Journal, page 233, appendix. Tested by the provisions of this ordinance, the instruction given to the jury, of which complaint is made, was clearly illegal; and the ordinance in question, in the cases of *Slaughter* v. *Culpepper*, 35 *Ga.* 25, and *Taylor* v. *Flint*, 35 *Ga.* 124, has been directly passed upon and the question of its constitutionality decided. By these decisions this court is directly bound, and accordingly we rule that the court erred in restricting the jury to the ascertainment of the value of Confederate money at the time the bond was executed. See also 38 *Ga.* 285, 373, 377; 42 *Ga.* 337, 352. We are aware that the instructions of which complaint is made are supported by several decisions of the Supreme Court of the United States. Thorington *v.* Smith, 75 U. S. 1; Stewart *v.* Salamon, 94 U. S. 434; Bissell *v.* Heyward, 96 U. S. 580, and Effinger *v.* Kenney, 115 U. S. 566. But the question is not an open one so far as we are concerned, and in adhering, as we are bound to do, to these unreversed decisions of our own court, it must be held that the court erred in charging the jury as set out in the motion for a new trial.

3. The defendant by his cross-bill assigned as error the ruling which excluded from the jury evidence of the consideration of the contract and of the articles for which it was alleged that the bond was given and the value thereof. Under the ordinance before referred to, it was lawful for either party, upon the trial of the case brought to enforce such a contract, to give in evidence the consideration of the same, and it was error to

exclude evidence which was offered to show what was the consideration of such contract and the value thereof.

*Judgment reversed on both bills of exceptions. All the Justices concurring.*