### 29246. ANTHONY *v.* CITY OF ATLANTA.

DECIDED NOVEMBER 29, 1941. REHEARING DENIED DECEMBER 17, 1941.

*Ralph R. Quillian,* for plaintiff in error.

*J. C. Savage, E. L. Sterne, J. C. Murphy, F. A. Hooper Jr.,* contra.

BROYLES, C. J. B. Anthony, an operator of a "beauty shop," was convicted in the recorder's court of the City of Atlanta of violating section 12 of an ordinance of the city known as the "beauty-shop ordinance." That section provides: "Every beautician or apprentice in the City of Atlanta shall register with the city beauty board. The annual fee for registration shall be $2.50 and shall be paid within thirty days after the approval of the minimum prices, and thereafter on or before each anniversary date of the approval of the board of any such prices, and, upon failure to do so after ten days' notice in writing by the board, or its secretary, the fee for such permit will be $3." The defendant's certiorari was overruled by a judge of the superior court, and that judgment is assigned as error.

The defendant contended before the recorder that the entire ordinance was unconstitutional in that "it constitutes an unwarranted exercise of the police powers in the attempted regulation

of the subject business which is not shown to be affected with a public interest, and in that it deprives defendant of his property without due process of law and denies defendant the equal protection of the law as guaranteed by art. 1, sec. 1, par. III (Code, § 2-103) of the constitution of Georgia, and by the fifth and fourteenth amendments of the constitution of the United States, in that the attempted regulation of the defendant's business by terms of said ordinance, and particularly by the arbitrary fixation of minimum prices which may be charged for services rendered by those engaged in the operation of beauty shops within the City of Atlanta, including defendant, is so unreasonable and extravagant that defendant's property and personal rights, including the right to contract for and render services and perform labor, are unnecessarily and arbitrarily interfered with in such manner as to constitute the deprivation of defendant's property without due process of law in a business not affected with a public interest." The defendant also in the police court made the following contention: "That said ordinance is void wherein it required by section 12 thereof the registration and payment of a license fee by every beautician or apprentice in the City of Atlanta in that by the terms of said ordinance itself the required registration and payment of license fee is but incidental to the real purpose of the ordinance, to wit, the fixing of minimum prices within the city, and the declared purpose of such registration and licensing is an unwarranted exercise of the police power, as well as such an unreasonable regulation of defendant's business as to deprive him of his property without due process of law in contravention of art. 1, sec. 1, par. III, of the Georgia constitution, as well as the fifth and fourteenth amendments to the constitution of the United States." The defendant further contended before the recorder that the city was "without authority to regulate defendant's business in the manner attempted by the terms of the ordinance for the reason that the State of Georgia has heretofore undertaken to regulate and does now regulate said business as shown by sections 84-401, 84-413 Ga. Code Ann.; further that the regulation attempted by the City of Atlanta herein is identical with that of the State except that in the ordinance the City of Atlanta attempts to prescribe minimum prices which may be charged." On the trial before the recorder it was stipulated and agreed that the

defendant had failed and refused to register with the beauty board of the city as required by section 12 of the ordinance, and that the alleged offense occurred in Atlanta, Fulton County, Georgia, subsequently to June 17, 1940 (the date of the enactment of the ordinance), and before February 22, 1941 (the date of the filing of the charges against the defendant).

The ordinance, a lengthy one, containing fifteen sections, is set out in full in the petition for certiorari, and the defense was based primarily and principally on the proposition that the entire ordinance was void and unconstitutional. The attack on section 12 is merely incidental to the main attack on the ordinance as a whole. Section 14 of the ordinance provides as follows: "If any clause, sentence, paragraph or part of this ordinance, or any rule of the board adopted pursuant to it, shall for any reason be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder thereof, but shall be confined in its operation and effect to the clause, sentence, paragraph, or part thereof, directly involved in the controversy in which such judgment shall be rendered." It is well-settled law that courts will not pass upon the constitutionality of any law or ordinance, "unless such decision should be found to be absolutely necessary to a disposition of the case." *Taylor* v. *Flint*, 35 *Ga.* 124 (3), 127; *Board of Education of Glynn County* v. *Brunswick*, 72 *Ga.* 353, 355. Under the principle of those decisions and section 14 of the ordinance above quoted, it is unnecessary for the decision of this case to pass upon the unconstitutionality of the entire ordinance. As hereinbefore stated, the ordinance contains 15 sections and provides many rules and regulations relating to the operation of beauty shops, and some of those rules and regulations were not attacked by the defendant on his trial before the recorder. Consequently this court is without authority to pass upon the question whether those unattacked sections of the ordinance were constitutional and valid. However, in this case section 12 of the ordinance was so attacked as being invalid and unconstitutional for certain given reasons. But counsel for the plaintiff in error in his brief filed in this case, and in his brief filed in the companion case of *Anthony* v. *Atlanta*, ante, 504 (which brief is treated as being filed in this case), has failed to argue that section 12 was unconstitutional or invalid for any

reason, and has failed to cite any authority thereon. Counsel evidently based the defendant's defense *solely* upon the proposition that the entire ordinance was unconstitutional and invalid, and he has cited many cases on that proposition. Under the circumstances, the only question for decision here is whether the defendant's conviction for violating section 12 of the ordinance was authorized by the evidence, and that question must be answered in the affirmative. The overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*