Goodwin *et al. vs.* The Mayor, etc., of Savannah.

---

S. P. GOODWIN *et al.*, plaintiffs in error, *vs.* THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, defendants in error.

1. A tax levied by the mayor and council of Savannah on the business of a common carrier within the city is not illegal or unconstitutional, because the tax is graduated according to the number of drays, carriages, wagons, etc., used in such business.

2. If some of the complainants, seeking an injunction to restrain the collection of a city tax, show in their bill that they do not come within the provisions of the ordinance assessing the tax, and are in fact not liable therefor, relief may be had by illegality, if the attempt is made to collect the tax from them, and there is no necessity for equity to intervene by a restraining process.

3. Where the enforcement of different sections of a city ordinance assessing taxes is sought to be restrained, and one of the sections is in fact obnoxious to the complaint made against it, but is subsequently repealed, prior to the hearing in chambers for an injunction, and that fact is set up in the answer and proved, it is not error for the chancellor to refuse the injunction, and it is a matter within his discretion, at the final disposition of the bill, to determine the question as to the costs.

Goodwin *et al. vs.* The Mayor, etc., of Savannah.

Injunction. Municipal corporations. Tax. Costs. Il-
legality. Before Judge JAMES JOHNSON. Chatham county.
At chambers, July 1st, 1874.

S. P. Goodwin and others, citizens of Savannah, filed
their bill against the Mayor and Aldermen of the city of
Savannah, a municipal corporation, to the May term, 1874,
of Chatham superior court, in which they alleged that
the said Goodwin, and other complainants named, were
engaged in the business of draying, and used in their said
business certain drays and vehicles drawn by animal power.
That Morel & Mercer were engaged in the business of
buying and selling grain and produce. That M. J. Doyle
was a grocer; and J. J. Dale & Company were engaged in
the lumber business; and that all said complainants' last
named used vehicles drawn by animal power in their said
several branches of business, as incident and necessary there-
to, but not as a distinct and separate occupation.

That the said the Mayor and Aldermen of the city of Savan-
nah, by a certain ordinance passed in council December 31st,
1873, and commonly known as an ordinance to assess and
levy taxes and raise revenue for the city of Savannah, for the
year 1874, did, among other things, declare, in the third sec-
tion thereof, that in addition to the *ad valorem* tax upon all
real and personal property in the city of Savannah, certain
specific taxes should be paid by every person using and em-
ploying in his, her or their business, any dray, truck, cart or
wagon, cab, hack, buggy, omnibus, break-wagon, or any
other vehicle for the transportation of passengers and bag-
gage, or for the transportation of goods, wares and merchand-
ise, to-wit: $16 00 for each one-horse dray or truck; $24 00
for each two-horse dray or truck, and so on.

That on February 7th, 1874, said S. P. Goodwin and
others filed their bill to the May term, 1874, of Chatham su-
perior court, and prayed for an injunction against the col-
lection or enforcement of said taxes, upon the ground that
they were taxes upon the property of complainants, and were

not *ad valorem* as required by the constitution of Georgia. That the judge of said court did thereupon grant the injunction prayed for; that no effort had been made by said city to dissolve the same, and that said action, and the subsequent course of said defendant had, in effect, fully admitted the unconstitutionality of said taxes.

That on March 24th, 1874, the said defendant did pass another ordinance, entitled an ordinance to amend the ordinance hereinbefore mentioned, and did provide that all that portion of said ordinance which provides specific taxes on drays, wagons, and other vehicles, be repealed and the following substituted therefor: "In addition to the *ad valorem* tax on property already mentioned in said ordinance, the following taxes on business and property shall be levied and collected : Each person engaged in the business of transporting goods, etc., or baggage, or passengers and baggage, or in loading or unloading vessels by horse power (except such persons as are already taxed on said business in said ordinance) shall pay a tax on said business; said tax to be due and paid yearly, and to be graduated according to the number of drays, wagons, etc., used in said business;" that said ordinance then provided a specific tax to be paid by each person using said vehicles, ranging from $15 00 for one vehicle to $1,000 00 for not more than fifty vehicles, said tax amounting to from $15 00 to $24 00 upon each vehicle used, irrespective of the value of the same.

That said ordinance also required a tax of two and one-quarter per centum *ad valorem* on the value of each animal and vehicle so used; that for each vehicle a badge should also be taken out, at the expense of complainants, and placed in a conspicuous place on each vehicle, which should be conclusive evidence that said tax had been paid; that a failure so to affix said badge to any vehicle should be punished before the police court by fine not exceeding $10 00, and by not more than ten days in jail, provided said tax had been paid; if not, the fine to be the amount of said specific tax and costs, or not exceeding thirty days in jail.

That by said ordinance a specific tax was already imposed upon the several branches of business of the said complainants Morel & Mercer, M. J. Doyle and J. J. Dale & Company; that a tax of one per centum was levied on furniture, stock in trade, and other species of personal property, and one-fourth of one per centum upon the value of bonds, and other species of personal property specified in said ordinance, while two and one-quarter per centum was levied upon the stock in trade and personal property of complainants. That a tax of one per centum was also levied upon income from business. That the constitution of Georgia required taxation on property to be *ad valorem* only, and uniform upon all species of property taxed.

That said taxes were unconstitutional and onerous, amounting to some six per centum upon the value of complainants' property, and almost prohibitory in their character.

That the returns were required to be made in the early portion of the year, when business was most active, and the largest number of animals and vehicles in use; whereas, in spring and summer, a large proportion of them were unemployed and useless; that said so-called specific tax on business was in no just sense a tax upon occupation, but only an attempt to enforce the original specific tax upon the property of complainants under a change of name; that said taxes were not *ad valorem* or uniform, and that even if said taxes were specific taxes upon the business of complainants, said defendant had no power to graduate said taxes as provided by said amendatory ordinance.

That said defendant was proceeding to enforce the collection of said illegal assessments against all of said complainants; whereupon complainants averred that they were otherwise wholly remediless, and prayed for an injunction.

The defendant, in its answer, filed May 4th, 1874, averred in substance that it admitted that the complainants were engaged in their several branches of business, the passage of the ordinance of December 31st, 1873, the filing of the original bill by S. P. Goodwin and others, and the granting of the

injunction asked ; it also admitted the repeal of said ordi-nance, without any effort on the part of defendant to dissolve said injunction, or to oppose said bill, but protested that it did not thereby admit said repealed ordinance to be illegal.

Defendant also admitted the passage of the amendatory ordinance of March 24th, 1874, but submitted that by the statutes of Georgia it was authorized to impose taxes on those who transact, or offer to transact, business in said city, and that said taxes imposed on complainants by said amendatory ordinance were legal.

That it had, since the filing of said bill, repealed so much of said ordinance as imposed a tax of two and one-quarter per centum on the value of the animals and vehicles used by complainants, and that such portion of said ordinance was no longer in force.

Defendant further submitted that such portions of said bill as referred to the *wisdom* and *expediency of said tax,* were matters exclusively for the consideration of the Mayor and Aldermen of Savannah.

After argument, the presiding judge refused to grant the injunction prayed for, and thereupon the complainants ex-cepted.

GEORGE A. MERCER; J. V. RYALS, for plaintiffs in error.

W. S. BASINGER, for defendant.

TRIPPE, Judge.

1. It has been several times held by this court that a tax on occupations, businesses, professions, etc., is not a tax on property, subject to the *ad valorem* and uniformity rule pro-vided in the 27th section of the 1st article of the constitu-tion : 42 *Georgia,* 596 ; 49 *Ibid.,* 195 ; 50 *Ibid.,* 530. The Mayor and Aldermen of the city of Savannah are expressly authorized " to make assessments and to lay such taxes on the inhabitants of the city and those who hold taxable prop-

erty in the same, and those who transact, or offer to transact, business therein, as said corporate authorities may deem expedient for the safety, benefit, convenience and advantage of said city, etc.: Code, section 4847. In the case of *The Home Insurance Company of New York vs. The City Council of Augusta,* 50 *Georgia,* 530, it was ruled that a tax on fire insurance companies different from that imposed on life insurance companies, is not obnoxious to any constitutional requirement. When the state levies a tax on businesses, professions, etc., it varies the tax from $10 00 to $200 00, and has done so every year since the *ad valorem* or uniformity rule was first in any constitution. This being the rule, we cannot see the objection to a tax of $50 00 on a business which employs ten drays or wagons, and a tax of $25 00 when five are employed. A tax on sales varies according to the amount of sales, and if the government protects one when selling $500,-000 00 worth, ought not that business to pay more than where only $20,000 00 or $50,000 00 worth are sold? Will not twenty drays or wagons, running daily over the streets of a city, cause a greater demand for repairs, and call on the city more for the protection of its ordinances and the authorities thereof, than when five are used? Such a tax should be apportioned according to the extent of such business, and we do not see in it any conflict with the constitution. It is in accord with the spirit of an *ad valorem* and uniform tax.

2. Three of the complainants allege that they are not liable to the tax, as they are not engaged in the business which is taxed. If so, they each can set up that by illegality, and there is no common ground on which they stand in that regard which makes it necessary that equity should interfere by a restraining process. Two may be liable and one may not be. Each case is to be determined by its own facts, and one has no connection with or relation to the other, as to the question whether they are carriers or not. All are jointly interested in the question as to the constitutionality of the tax, provided they are carriers and come within the ordinance. But if they do not—if they are not carriers—then

it is because of the special facts of each case, and they should not burden a court of equity with a bill to try many cases in one, when all are different, and each is to be determined by its own peculiar facts. Their own allegations take them out of the bill so far as it makes the point of illegality on the tax, and they cannot come in on the ground that the assessors or collectors of the tax have, by mistake, counted them as carriers, when in truth, or at least as they allege, they are not.

3. If the ordinance that might have been and was complained against as illegal, was repealed, there was no necessity for an injunction against it. And when it was repealed it did not affect the legality of a subsequent ordinance. Costs in equity are taxed in the discretion of the chancellor : Code, section 4210.

Judgment affirmed.