SPARKS, receiver, *v.* GEORGIA SOUTHERN & FLORIDA RAILWAY CO.

LITTLE, J.   1. Leaving out of consideration all questions as to the state of accounts between the parties, it results as matter of law, from the terms of the various orders and decrees of the court, disposing of the assets of the company of which the plaintiff in error was receiver, that the title to the claim against the defendant in error, upon which his cross-action was based, had, before the institution of the present action against him, passed to the purchasers of the property, franchises, etc., of the company first above indicated, and accordingly that such cross-action was not maintainable. And the cross-action was not maintainable for the further reason that such receiver had not in due time filed a notice of this claim, as required by the court's decree.
2. The rulings of the court, which are conclusive of the issues involved, are upheld as correct.
3. The matter of charging the costs in such a case as this, it being an intervention in an equitable proceeding, is one largely in the discretion of the trial judge ; and therefore there was, in passing the order directing that the costs accruing in this case be paid from the fund in the hands of the commissioner, no abuse of the discretion with which that officer was invested.

*Judgment affirmed. All the Justices concurring.*

Argued June 15,—Decided July 23, 1901.

Equitable petition — intervention.   Before Judge Felton.   Bibb superior court.   September 27, 1900.

*Guerry & Hall*, for plaintiff in error.
*Hall & Wimberly*, contra.