## STRICKLAND v. HUTCHINSON.

1. Where the entire description of land sold, as contained in a bond for title, was "333 acres of land in the southeast corner of lot of land No. 416 in the 11th district of Lowndes county," the number of acres was of the essence of the description; and if it developed 'that in fact the land delivered by the obligor to the obligee contained only 225 acres, the latter was entitled to a reduction in the price accordingly. This was not such a sale by the tract or entire body as is contemplated in the Civil Code, § 3542.

2. No point was raised or decided in the trial court as to the sufficiency of the description contained in the bond. Moreover, the plaintiff was suing the defendant upon a note given for the purchase-money of the land covered by the bond.

3. A party to a suit is not entitled to a new trial because of an error in his favor.

4. In an equitable proceeding the jury may recommend to the court the assessment of costs upon the respective parties, but are not authorized to determine against which party they shall be taxed. The presiding judge is to determine this, in the use of a sound discretion.

5. Where the verdict of the jury in an equitable action found in favor of one of the parties, and added that each party pay one half of the costs of suit, and no special exception was taken to that part of the verdict, or reference made to it in the brief of counsel, this court will treat it as being a mere recommendation to the presiding judge, which he may or may not follow in his discretion.

Argued May 24, — Decided June 16, 1905.

Complaint. Before Judge Mitchell. Thomas superior court. January 6, 1905.

Strickland brought suit against Hutchinson on a promissory note for $261. The defendant pleaded that the note sued on was one of several given for the purchase-money of certain land; that he bought the land of the plaintiff for the sum of $1,250 and gave his notes therefor, taking a bond for title; that the land which the plaintiff contracted to sell him was 333 acres in the southeast corner of lot of land No. 416 of the 11th district of Lowndes county; that he paid all of the notes except the one now sued on; that the plaintiff represented that the tract of land contained 333 acres, and this was of the essence of the contract; that he went into possession and made improvements; that he became doubtful as to the quantity of the land, and approached the plaintiff in reference to it, but the latter assured him that he would warrant every acre that he had represented it to contain, and thereupon the defendant paid the note then due; but upon a survey it was dis-

covered that the land contained only 225 acres. The defendant therefore prayed for a finding that he was not liable on the note sued upon, that he should recover the amount already paid in excess of what he should have paid after apportioning the price according to the correct acreage, and that the plaintiff be required to convey the property to him, and the purchase-price be declared paid. On the trial the jury found, "that the land mentioned should be the property of the defendant without further payment, and that each party pay one half of the costs of suit." The plaintiff moved for a new trial, the motion was overruled, and he excepted.

O. M. Smith and W. H. Griffin, for plaintiff.
W. E. Thomas and J. M. Johnson, for defendant.

LUMPKIN, J. (After stating the foregoing facts.)  1, 2. In the view we take of this case, it is unnecessary to discuss the various grounds of the motion for a new trial at length. The bond for title which the plaintiff made to the defendant described the land as follows: "333 acres of land in the southeast corner of lot of land No. 416 in the 11th district of Lowndes county." This is the entire description contained in the bond as set out in the record. If a sale of land is by the tract or entire body, in the absence of fraud a deficiency in the quantity sold can not be apportioned. Civil Code, § 3542. A sale "by the tract or entire body," as the words are used in this section, means where a tract or body of land is sold as such, and not at so much per acre according to the acres which it may contain. Thus if a tract of land should be described in a bond for title by metes and bounds, or by some descriptive name or designation which would describe it as a whole, and the number of acres should merely be stated as an additional description, this would be a sale by the tract or entire body. Turner v. Rives, 75 Ga. 606; Walker v. Bryant, 112 Ga. 412. In the present case, however, the sole description of the land contained in the bond for title is 333 acres in the southeast corner of a named land lot. There is no other description by name, metes and bounds, or otherwise. If the number of acres be stricken from the description, no description whatever is left. The quantity is not only of the essence of the description but it is the whole description, except being in the southeast corner of a certain

land lot. In *Gress Lumber Co.* v. *Coody,* 94 *Ga.* 519, it was said that a deed which conveyed a specified number of acres on the north side of a lot of land described by its number, dis-. trict, and county, the lot being by statute a square, is sufficiently certain to embrace such a parallelogram as would result from drawing a line across the lot, parallel with its northern boundary, so as to cut off a stated number of acres. This appears to have proceeded on the idea that presumptively the grantor intended to convey land in the shape of a parallelogram. But if so, the number of acres was of the very essence of the description, since without regard to it no cross line could be located. See also *Vaughn* v. *Fitzgerald,* 112 *Ga.* 517; *Huntress* v. *Portwood,* 116 *Ga.* 351. It is not sufficient to say that the parol evidence indicated that some tract containing less than the number of acres stated was intended. The bond for title was the written contract, and under its terms the obligee was entitled to 333 acres. There is no controversy that he did not receive that much, or that plaintiff was not prepared to convey that much to him. We think, under the facts of this case, that the defendant was entitled to have the deficiency apportioned, and that the verdict in his favor to that effect was demanded by the evidence. It is suggested that, considering the size of land lots as laid out in accordance with law in the 11th district of Lowndes county, it was impossible for 333 acres of land to have been contained in the southeast quarter of land lot number 416, and that the defendant must have known this. The bond for title does not say that the land was in the southeast quarter or one fourth of the land lot, but in "the southeast corner" of it. Owing to the fact that in this State there are several different sizes of land lots authorized by different acts of the legislature, and that, on account of differences and inaccuracies in surveys, land lots as laid out do not always accurately correspond in the quantity of land contained within their boundaries with that prescribed by law, judicial cognizance in regard to them has its limitations. This court may take judicial notice of the number of acres which a certain statute required to be put into a land lot, but it is not prepared to hold that a "corner" of a land lot necessarily means a quarter of it, or indeed how large a corner of a lot is. Besides, if 333 acres could not be

contained in the corner of the land lot, neither could 225 acres, considering the size of land lots in that county, four hundred and ninety acres each.

It is argued in the brief of counsel for plaintiff in error that the description contained in the bond for title is so vague and indefinite as to be void. But no such point as this appears to have been made or passed on in the superior court. Nor indeed is a plaintiff who brings suit to recover for the purchase-money of land in a very good position to contend that the bond for title given by him is void.

3. The plaintiff further asserts, that, if the contention of the defendant were true, he would be entitled to a deduction from the purchase-money of more than $400, instead of the amount of the note sued on. But it furnishes no ground of complaint on the part of the plaintiff that the jury found too little for the defendant.

4, 5. At law, costs are to be taxed against the losing party. In equitable proceedings it is the duty of the presiding judge to determine who shall pay the costs; and in doing so he should use a sound discretion. *Guernsey* v. *Phinizy*, 113 *Ga.* 898. The jury have no power to determine conclusively who shall pay the costs, but in equitable proceedings they may recommend to the court the assessment of costs upon the respective parties. The determination of the matter, however, rests with the judge. Civil Code, § 4850. Here the defendant by his plea asked and obtained equitable relief; and while the jury had no power to conclusively find that each party should pay half of the costs, yet as verdicts are to be given a reasonable intendment, and as no special assignment of error was made on this point of the finding, we will construe it as being intended as a recommendation to the presiding judge, which did not bind him, but left him free to exercise his discretion in taxing the costs.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*