### Epps *et al. v.* Thomas *et al.*

ATKINSON, J. In a suit for injunction material allegations upon which the plaintiffs had based their claim for equitable relief were denied. On the trial it was admitted that the only question at issue was which of the parties should pay the costs of court. When that announcement was made, the judge did not suspend the trial of the main case and in the exercise of a sound discretion proceed to tax the costs, as he is permitted to do in equity cases (see Civil Code, § 4850; *Pearce* v. *Chastain,* 3 *Ga.* 226 (46 Am. D. 423) ; *Davidson* v. *Story,* 106 *Ga.* 799 (32 S. E. 867) ; *Guernsey* v. *Phinizy,* 113 *Ga.* 898 (39 S. E. 402, 84 Am. St. R. 270) ; *Goodwin* v. *Mayor,* 53 *Ga.* 410; *Hearn* v. *Laird,* 103 *Ga.* 271 (29 S. E. 973) ; *Hamilton* v. *DuPre,* 103 *Ga.* 795 (30 S. E. 248) ; *Torras* v. *Raeburn,* 108 *Ga.* 345 (33 S. E. 989) ; *Strickland* v. *Hutchinson,* 123 *Ga.* 396 (51 S. E. 348) ; *Sparks* v. *Ga. Ry. Co.,* 113 *Ga.* 1111 (39 S. E. 470) ), but proceeded with the trial of the main case, and, upon evidence admitted and the pleadings before the court, directed the jury to find a general verdict against the defendant. Upon that verdict the judge not only taxed the costs but decreed equitable relief in accordance with the prayers of the petition. When taken in connection with the pleadings, the evidence introduced upon the trial was not of such character as to authorize the direction of a verdict; and upon exception properly made a reversal of the ruling must result.

*Judgment reversed. All the Justices concur.*

Submitted February 13,—Decided July 16, 1908.

Equitable petition. Before Judge Whipple. Stewart superior court. May 24, 1907.

The petition of the plaintiffs alleged: The colored people of the town of Florence by public contributions had built a school-house, which became "the right and property of the colored people of Florence." Daniels, one of the plaintiffs, was teacher of the school, having entered into a contract with a majority of the patrons of the school, and also with the board of education of Stewart county, to teach for a certain term. The other plaintiffs were patrons of the school. The defendants were residents of the county, and had no interest in the school "save as any other citizen." At the beginning of the school term they had taken possession of the school building, locking the plaintiffs out. Whereupon Andrew Thomas, one of the plaintiffs, sued out a dispossessory warrant under Civil Code, § 4808, against Thomas Epps, one of the defendants. When the warrant was exhibited to Epps by the sheriff, he failed to file a counter-affidavit claiming the right of possession in himself, but delivered the keys of the building to the sheriff, who delivered

them to the plaintiff Thomas. Notwithstanding this, after the plaintiffs had taken possession of the building, the defendants put another lock upon the door and continually harassed the plaintiffs in their possession of the building, demanding that they vacate the same and threatening to force them to leave. It was alleged that the plaintiffs had the best interests of the school at heart, and were supported by a majority of the patrons, whereas the defendants were acting without any right or authority, with the intention to "rule or ruin the school." The only prayer was for an injunction restraining the defendants from interfering with the plaintiff's conduct of the school, and for general relief. The defendants answered, averring that they were the trustees of the school, duly elected by the patrons, that they represented vested interests in the title to the school property, and they had not consented to the appointment of the plaintiff Daniels as school-teacher but were opposed to him, as were also a majority of the patrons. Daniels was injuring the school; a majority of the patrons refusing to send their children to his school. It was admitted that Daniels was under contract with the board of education of Stewart county, but it was asserted that the board of education had no title or right to the school property. It was charged that Daniels had procured a contract from certain patrons of the school, by fraudulently representing to them that he was the choice of the board of trustees, when such was not the case. It was admitted that the possession of the key of the building was delivered by defendant Epps to the sheriff, upon his exhibition of the plaintiff's dispossessory warrant, and that later the defendant Epps, acting in behalf of the board of trustees, had placed another lock upon the door for the purpose of preventing Daniels from entering the building. In reference to the allegation of threats by the defendants, etc., it was asserted that all that the defendants had done was to gather in a body at the school building, along with numerous patrons of the school, and request the plaintiff Daniels to "vacate said building and resign said school;" that this was done in an orderly manner; that the defendants were not guilty of any unlawful conduct, nor did they intend to commit any unlawful acts. Their object was to replace Daniels with a teacher who would be suitable to the patrons of the school.

On the trial the only evidence submitted was testimony for the

plaintiffs, of the county school commissioner, to the effect that he had made a contract with Daniels to teach the school at Florence, but that the county board of education had no control of the school building; and the dispossessory warrant of the plaintiff Thomas charging the defendant Epps with the unlawful possession of the building, with the entry of the sheriff thereon that the defendant Epps had failed to file a counter-affidavit, but had surrendered the keys of the building to the sheriff. The judge directed a verdict for the plaintiffs, and passed an order granting a permanent injunction as prayed. A motion for new trial was made upon the general grounds, and upon the ground that the judge erred in admitting in evidence the dispossessory warrant over the objection that the same was irrelevant, hearsay, and incompetent as against the defendants not named therein. The motion was overruled, and exception was taken. In his certificate approving the brief of evidence the judge stated that "the only question in issue, as stated in the beginning of the trial, was the question as to which party would pay the cost."

   *B. F. Harrell* and *G. Y. Harrell,* for plaintiffs in error.