### 3870. JONES & PHILLIPS, INC., v. PATRICK.

There is no principle of law that will justify a defendant in complaining of a verdict against him on the ground that it should have been for a larger amount. The error in the amount of the verdict (if error at all) did not injure the defendant; and in no case is error without injury a rational cause for complaint.

DECIDED APRIL 16, 1912.

Appeal; from Fulton superior court—Judge Ellis. October 28, 1911.

*T. B. Brown,* for plaintiff in error. *R. B. Blackburn,* contra.

HILL, C. J. Patrick sued Jones & Phillips, Inc., in a justice's court, to recover $50.25 as damages resulting from the breach of a contract of employment. A judgment was rendered in favor of the plaintiff, and, on appeal, a verdict in his favor for $36.35 was rendered in the superior court. The defendant's motion for a new trial being overruled, it excepted. The only point stressed by it in this court is that the verdict for $36.35 was unauthorized by the evidence; that the terms of the written contract fixed the amount of salary, that it was not disputed that the contract was breached, and that the only verdict authorized for the plaintiff would have been a verdict for the full amount of the suit, to wit, $50.25.

There was no issue raised by the evidence regarding the amount due to the plaintiff, the only defense being that he was lawfully discharged by the defendant because of the want of fidelity on his part as an employee, under the terms of the contract. The court charged the jury, in effect, that if they believed that the plaintiff had fulfilled his contract and had been discharged without cause, he would be entitled to recover the full amount sued for; and if, on the

other hand, they believed, under the evidence, that the defendant had sufficient cause to discharge him, he would not be entitled to recover; and it is therefore very earnestly insisted by counsel that the verdict did not cover the issue made by the pleadings and evidence and charge of the court, as required by Civil Code (1910), § 5924. Reduced to its last analysis, the complaint is that the verdict was for too small an amount of money, and that under the evidence it should have been for the full amount sued for.

Counsel for the plaintiff in error, in his brief, in replying to the very obvious contention of the defendant in error as to this question, that the plaintiffs in error should not be heard to complain because the verdict was smaller than it should have been, makes the following perfervid statement: "This attitude would densify reason, make a farce of the court-room, and establish a principle that never was and never will be recognized by the law." Yet this is the very attitude which the Supreme Court of the State has definitely and distinctly declared to be the law. In *Pullman Co.* v. *Schaffner,* 126 *Ga.* 609 (55 S. E. 933, 9 L. R. A. (N. S.) 407), it is declared that "a defendant against whom a verdict has been returned can not complain that the verdict is for a less amount than that demanded by the evidence;" and in *Central Ry. Co.* v. *Trammell,* 114 *Ga.* 315 (40 S. E. 259, 261), the court says, without reservation: "We know of no principle upon which a defendant can complain that a verdict for a less amount than that demanded by the evidence was returned against him." In *Strickland* v. *Hutchinson,* 123 *Ga.* 399 (51 S. E. 348), it is held that a party to a suit is not entitled to a new trial because of an error in his favor. In *Roberts* v. *Rigden,* 81 *Ga.* 440 (7 S. E. 742), Chief Justice Bleckley says: "A defendant certainly has no right to a new trial because the verdict was too small." These decisions are based upon the well-settled rule that error without injury is harmless.

We are asked to grant damages for frivolous appeal in this case, and we think the request should be granted. The record shows that the plaintiff was clearly entitled to recover from the defendant the amount of $50.25. The judgment of the justice found this amount in his favor, and the only ground of complaint is that, on appeal, the jury should have found a verdict for $50.25, instead of for $36.35. The rare opportunity is therefore afforded

to this court of pleasing both parties in the decision. By giving damages we substantially answer the complaint of the plaintiff in error that the verdict against it was too small, and we comply with the very reasonable request of the defendant in error, that since he was entitled, under the evidence, to a larger verdict, the plaintiff in error should be made to pay damages for an appeal based only on the contention that the verdict rendered against it was too small. The judgment is therefore affirmed, with 10 per cent. damages on the amount of the judgment recovered by the plaintiff in the court below.          *Judgment affirmed, with damages.*