### 4701. STRICKLAND *v.* MILLER.

Where crude gum is wrongfully extracted from growing trees and manufactured into spirits of turpentine and rosin, the owner may maintain trover for the manufactured products. If the taking was under an honest claim of right, only the value of the crude gum can be recovered; but if the taking was not in good faith, the trespasser can not set off the expense of manufacture.

DECIDED MAY 6, 1913.

Trover; from city court of Quitman—Judge Cranford. January 13, 1913.

Bennet, Long & Harrell, for plaintiff in error.
Branch & Snow, contra.

POTTLE, J. The plaintiff sought to recover from Strickland and the Downing Company the value of certain spirits of turpentine and rosin. A general demurrer to the petition was overruled, and Strickland excepted. The petition alleged, that during the year 1911 the plaintiff was owner and in possession of a certain tract of land in Brooks county; that the defendant Strickland entered upon this land against the will of the plaintiff and over his protest, and wilfully and without any lawful claim whatever extracted from the pine trees growing on the land crude gum, from which he manufactured spirits of turpentine and rosin and sold the manufactured product to the Downing Company. The argument in behalf of the defendant proceeds upon the idea that the property sued for is fructus industriales, and that, since it appears from the petition that the defendant was in possession of the trees, and gathered the crude gum therefrom, the plaintiff was not entitled to maintain an action of trover to recover the value of the spirits and rosin manufactured from the gum.

Standing timber is a part of the realty, and this includes the constituent parts of the timber, such as the wood, sap, leaves, etc. However, when timber is severed from the soil it becomes personalty, and trover will lie to recover it from one who has wrongfully converted it to his own use. Thus, in *Milltown Lumber Co. v. Carter,* 5 *Ga. App.* 344 (63 S. E. 270), it was held that, where timber is severed from the soil by a trespasser and manufactured into lumber, the owner may maintain trover, and in such an action would be entitled to recover the value of the manufactured product without any deduction for the cost of the labor of manufacture, if the trespass was wilful; but if the trespass was innocent or inadvertent and under a bona fide claim of right, the defendant would have the right to set off the value of the labor by which the property has been enhanced. There is little or no distinction in principle between that case and one where a person wrongfully takes a part of the timber, such as the sap, rather than the whole of it. Crude turpentine which has been extracted from the tree becomes personalty immediately upon its extraction. *Melrose Mfg. Co. v. Kennedy,* 59 Fla. 312 (51 So. 595). And where such crude gum has been unlawfully converted, trover may be maintained for its

recovery. Quitman Naval Stores Co. *v.* Conway, 63 Fla. 253 (58 So. 840); Branch & Thomas *v.* Morrison, 50 N. C. 16 (69 Am. Dec. 770). In the case last cited counsel sought to draw a distinction between things which are cultivated on the soil and those which are the natural growth of the earth. It was pointed out by the court that the only distinction between the two is in the fact that things which are fructus industriales are personal property for some purposes before severance, while things which are fructus naturales are always a part of the realty until they are severed from the soil. After severance both are personalty; and the same principle is applicable to each. The rule that after severance the property becomes personalty and may be recovered in trover has been applied to sand, gravel, standing timber, growing crops, fruit, and turpentine. See cases collated in 38 Cyc. 2016.

Reliance is placed by the plaintiff in error upon the decision of the Supreme Court in the case of *Dollar* v. *Roddenbery,* 97 *Ga.* 148 (25 S. E. 410). It was there held that where, after the rendition of a judgment against the owner of land, he rented the land to another, who planted a crop thereon, the latter was entitled to the crop as against the judgment creditor. This decision, however, was distinctly put on the ground, not that trover would not lie for the recovery of a crop which had matured or been severed from the soil, or which after maturity was to be treated as personalty, but upon the ground that the entry of the tenant was rightful and his title to the crop was superior to that of the execution creditor. This appears clearly from the following excerpt from the opinion in that case. "It is an ancient maxim of the law that he who rightfully sows ought to reap the profits of his labor, and if he rightfully enter in subordination to the title of another, but his tenancy be terminated without fault on his part and in consequence of some uncertain event, he shall be allowed to take away his way-going crops; for emblements, in strict law, are confined to the products of the earth arising from the annual labor of the tenant. The tenant, under the protection of this rule, is invited to agricultural industry without the apprehension of loss by reason of some unforeseen contingency which might arise and terminate his estate." See, also, *Blitch* v. *Lee,* 115 *Ga.* 112 (41 S. E. 275); *Garrison* v. *Parker,* 117 *Ga.* 537 (43 S. E. 849); *Raines* v. *Hindman,* 136 *Ga.* 450 (71 S. E. 738, 38 L. R. A. (N. S.) 863, Ann. Cas. 1912C, 347).

43

While the petition in the present case alleges that the defendant was in possession of the trees when the gum was extracted, it is distinctly alleged that this possession was tortious, against the will and over the protest of the plaintiff. If the defendant's possession was under an honest claim of right, he would be liable to the plaintiff only for the value of the crude gum extracted from the trees. But if the taking was wilful and not in good faith, as the petition alleges, the plaintiff would be entitled to recover the value of the manufactured product. There was no error in overruling the demurrer. *Judgment affirmed.*