### 9629.   COVINGTON v. ROSENBUSCH.

BROYLES, P. J.   1. "Where an employee, in good faith and for a valuable consideration, sells, transfers, and assigns his title and right to possession of a stipulated amount of salary due him by his employer,. and thereafter collects the money thus transferred, he can not, as against a suit for the recovery of the money, avail himself of a discharge in bankruptcy as a defense.   The instrument of transfer is an assignment of title.   *Central of Ga. Ry. Co.* v. *King*, 137 *Ga.* 369 (73 S. E. 632). One who thus disposes of property without the authority of its owner, under the ruling in McIntyre v. Kavanaugh, 242 U. S. 138 (37 Sup. Ct. 38, 61 L. ed. 205), is·guilty of a wilful and malicious injury to property, within the meaning of the bankruptcy act, sec. 17 (2), as amended by the act of February 5, 1903 (32 Stat. 798, U. S. Comp. St. 1916, § 9601); and consequently his liability is not released by a discharge in bankruptcy."   *Covington* v. *Rosenbusch*, 148 *Ga.* 459. (96 S. E. 78).

2. Any holding in *Glasco* v. *Cooper*, 17 *Ga. App.* 690 (87 S. E. 1095, or *Stovall* v. *Coker*, 18 *Ga. App.* 126 (88 S. E. 907), which may be contrary to this ruling is, on review, overruled.

3. Under the ruling stated above, the court did not err in overruling the certiorari.

   *Judgment affirmed.   Bloodworth and Harwell, JJ., concur.*
   DECIDED NOVEMBER 7, 1918.

Certiorari; from Fulton superior court—Judge Pendleton.  November 27, 1918.

*A. A. Owens, L. H. Foster, T. J. Ripley,* for plaintiff in error. *R. R. Jackson,* contra.