## GRADY v. INFORMATION BUYING COMPANY.

No. 6606.  FEBRUARY 23, 1929.

*E. F. Goodrum,* for plaintiff.  *L. U. Bloodworth,* for defendant.

RUSSELL, C. J.  Colquitt Grady filed an equitable petition against the Information Buying Company, a corporation of Fulton County, which is alleged to be an agent for a special class of creditors in obtaining information of debtors, making reports on debtors and prospective debtors, and acting as a collecting agency for the creditors of designated debtors to a certain clientele.  The petitioner alleged that about April 1, 1926, he was indebted to three classes of creditors, each of which is named, aggregating about $330.  The first class were the holders of wage assignments addressed to the Central of Georgia Railway Company, each for a stated sum and for an "undivided interest in an alleged general fund due the petitioner at that time by said railway company as his employer."  This class of indebtedness aggregated about $101.  A second class of named creditors are alleged to have been holders of promissory notes amounting to about $200; and the third to be an open account for a cash loan of $25, being an indebtedness of $27.50.  The petitioner alleged that he had been referred by his creditors to the Information Buying Company as a place where he could "pool" his indebtedness, and this "pooling" was undertaken.  As a result he was charged $44.75 for the cost of handling; $6.75 court cost; and $3 attorney's fees.  The total made an indebtedness of $360.30, which sum was reached by a consolidation of all the foregoing items of indebtedness.  As a part of the "pooling" arrangement petitioner was required to consent to the drawing of one suit against him, in which all of the aforesaid creditors

were named as plaintiffs; and he was required to sign a confession of judgment thereon as follows: "I hereby agree to a judgment against me in favor of the Information Buying Company, of Fulton County, Georgia, in the above-named and dated matter for the sum of $360.30, same to be paid $40 per month, payable on the 11th and 26th day of each month, beginning on the 26th of April, 1926, and on each 11th and 26th day thereafter, until the entire amount is paid in full. Said judgment is for damages to and conversion of said sums as follows: [then is set forth the items of indebtedness as hereinbefore mentioned]. I, by this writing, hereby waive process, copy of process, copy of petition; also time and term and all other and further service and notice is waived as to this suit, and judgment confessed for the amount above set forth, including all cost. [Signed] Colquitt Grady, deft., Luther U. Bloodworth, Atty. for plaintiffs. Witness: H. E. Fox."

Upon this paper, on April 23, 1926, the judge of the municipal court of Macon passed the following order: "And it is so ordered." Process issued on April 22, 1926, upon the petition in which the Information Buying Company brought suit against Grady for the conversion of $360.30 of its money collected by him from the Central of Georgia Railway Company for wages already earned, which it was alleged he had converted to his own use. Fi. fa. issued on said judgment on April 27, 1926. Grady alleged that he had paid $212.83 on the judgment, and in the meantime was adjudicated a bankrupt. The balance due on the judgment was listed in the schedule filed by him in the bankruptcy proceeding. The Information Buying Company sued out a series of garnishments against his wages earned with his employer, which wages were earned after January 17, 1927, when he was adjudicated a bankrupt; and notwithstanding his discharge in bankruptcy of the defendant's debt he is harrassed and put to the unnecessary expense of defending against litigation which should never have been instituted, and as a result he has no adequate and complete remedy at law; and he prays that the court enjoin and stay the pending garnishment proceeding and cancel the judgment complained of, because the same has been discharged by bankruptcy. The defendant demurred to the petition, upon general and special grounds. The special demurrers were met by amendment. Upon the hearing the trial judge sustained the general demurrer and dismissed the petition.

The petitioner can not go behind the judgment rendered by the municipal court of Macon, to analyze the nature of the claims, and thus to show that only $101 of his debts were assignments of wages. By amendment to the petition in this case it plainly appears that over one half of the original indebtedness of the petitioner were notes and mortgages secured by personal property, on account, and the liability assumed for $44.75 incurred in making the "pooling arrangement" into which he entered with the Information Buying Company. He contends that, as he has paid more than the $101, he can not be guilty of converting anything belonging to the plaintiff in fi. fa., because he has paid more than enough to cover the conversion. He confessed judgment on a petition alleging a conversion of $330.60. Under some circumstances the payment relied upon might be a good defense in an ordinary suit; but in this case the petitioner entered into an agreement by which he admitted that the entire $330.60 consisted of sales of his salary, and without any question this was sufficient to authorize the judgment which he agreed should be entered against him. Process seems to have issued on one day and judgment rendered on the next; but the petitioner, in writing, waived every essential prerequisite to the rendition of a judgment against him, except filing of the petition, and then confessed judgment. Whatever may have been the consideration involved in the judgment, it can not now be opened, as there was no allegation that it was obtained by fraud, and it appears from the record that the judgment was the result of the petitioner's voluntary acts. In this state of the record the petition made no cause for an injunction. It is well settled that an injunction may and should be issued in cases where one is subjected to unreasonable harrassment by interference with his business by garnishment after the petitioner has received a discharge in bankruptcy of the debt sought to be recovered. In this case, if the discharge in bankruptcy obtained by the petitioner extended to the demand which was the basis of the judgment, so as to have relieved the petitioner from the claim in this case, an injunction should properly have been granted. But under the facts as above stated, the case is fully controlled by the rulings cited in the third headnote. A request is made in the present case that *Covington* v. *Rosenbusch* be reviewed and overruled, but this the court declines to do.      *Judgment affirmed.   All the Justices concur.*