35474.   TOUCHTON *et al. v.* MOCK.

Decided March 18, 1955.

*C. O. Purcell*, for plaintiffs in error.

*W. Roscoff Deal, C. L.·Purvis*, contra.

GARDNER, P. J. 1. The return of the award of the appraisers in a case of this kind is prima facie correct, and the burden is on the objectors to disprove its correctness. See *Wilson* v. *Wilson*, 54 *Ga. App.* 770 (189 S. E. 71). As to a year's support, the essential parts of Code § 113-1002 necessary to a determination of this case read: "It shall be the duty of such appraisers . . . to set apart and assign to such widow . . . either in property or money a sufficiency from the estate for . . . support and maintenance for the space of twelve months . . . to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate and keeping in view also the solvency of the estate. . . The appraisers shall also set apart for the use of herself [the widow] . . . a sufficient amount of the household furniture." In the instant case, there are no minor children involved. The return of the appraisers above set aside for the use of the widow certain household effects and 2.7 acres more or less on which was located the home of the deceased and the widow, one used Pontiac 1952 automobile, and the following furniture: One GE electric 11 foot refrigerator; one Maytag gas range; one gas heater; one wood or coal circulating heater; two bedroom suites complete with dressers, vanity dressers, chairs, tables, etc.; cooking utensils; silverware; pots and pans; linens; blankets and comforters; living room suit, consisting of table, two rockers, divan, settee, bookcase, hatrack, davenport, rugs, curtains; one True-tone radio; dining room suite; dishes; one GE electric fan; one 32 Smith-Wesson revolver; one 12-gauge two-barrel shotgun, Parker.

There were set aside numerous items of merchandise in the store on the premises of the home, which testimony showed to be worth approximately $517. The testimony as to the value of the property set aside for the year's support varied between $1,800 and $5,000. One witness for the caveators testified that 2.7 acres set aside were worth $1,800, including all improvements thereon. One of the two witnesses for the defendant testified that this 2.7 acres with all improvements thereon were valued at $1,800; the

other valued the property at $2,000. The evidence as to the value of the other items set aside as a year's support varied considerably. Moreover, the jury was not absolutely bound as to the values placed upon the property by the witnesses. This court held in *McLendon* v. *City of LaGrange, 47 Ga. App.* 690 (171 S. E. 307): "Jurors are not absolutely bound to accept as correct the opinions or estimates of witnesses as to the value of property, *though uncontradicted by other testimony,* but have the right to consider the nature of the property involved, together with any other fact or circumstance properly within their knowledge, throwing light upon the question, and they may, by their verdict, fix either a lower or higher value upon the property than that stated in the opinions or estimates of the witnesses. *Georgia Northern Ry. Co.* v. *Battle,* 22 *Ga. App.* 665, 666 (97 S. E. 94), and cit." It is further complained that the appraisers did not value each item specified in the returns. This contention is without merit. See *Daniel* v. *First National Bank of Claxton,* 50 *Ga. App.* 632 (3) (179 S. E. 152). We might add here that the burden of the plaintiffs' contention is that the year's support is excessive. In denying the motion for a new trial, the trial judge granted a conditional order reducing the value of the year's support by $500, provided the plaintiffs would accept the $500 and end the litigation; and if they did not accept the reduction, the amount would stand as the appraisers so fixed. The plaintiffs contend that this was error because the judge was without authority to reduce the amount. This ruling of the judge on the motion filed was in favor of the plaintiffs, and they cannot complain. See *Gordon* v. *Mitchell,* 68 *Ga.* 11. See also, in this connection, *Strickland* v. *Hutchinson,* 123 *Ga.* 396, 399 (51 S. E. 348).

In this connection, let us observe that there is definite evidence as to the solvency—that is, regarding the amount of debts and the assets of the deceased at the time of his death. To upset the award, the burden was on the plaintiffs to show the solvency of the estate.

So far as what may be termed the general grounds, the contentions of the plaintiffs are without merit.

2. Special ground 1 complains that the defendant was on the stand on direct examination and the following took place: "Q. In his condition there did you give him your attention? A. Yes,

sir, in every way in the world I could. Q. Did you have someone there to wait on him during his illness? A. No, sir, I did that myself. Timely objection having been made to said evidence as being improper and irrelevant as to the issues involved in the case at bar, and said evidence being admitted by the court, over objection, with the following statement, to wit: 'Well, I'll allow it as a circumstance only. I will allow you to go into this question as a circumstance only.' "

Special ground 2 complains of the following testimony of the same witness: "Q. All right, tell the jury what you did? A. Well, I did everything that I could do, I waited on him, night and day, whenever he needed my attention he got it, no matter when it was, I've sat up all night a many a night with him. Counsel for movant made timely objection to the same on the same grounds as to the similar testimony hereinbefore set forth, and the same ruling was made, to wit: 'I will let it in for the same purpose.' "

Special ground 3 complains of the following: "Q. Now, have you had an operation this year? A. I've had two of them. Timely objection having been made to said testimony, which was admitted by the court with the following statement to counsel: 'Well, I will admit it as a circumstance.' "

Special ground 5 assigns as error "That the court erred in refusing to permit the applicant, Mrs. M. D. Mock, a witness for the applicant, to testify in response to the following question by counsel for caveators, as follows: Q. What did you receive as wages? Said question and the answer sought was objected to by counsel for applicant upon the ground that it was immaterial and irrelevant and prejudicial, to which the court sustained the objection."

As to the other objection on special grounds 1 through 3, in our opinion the evidence was admissible and the statement of the court that such evidence was admitted as a circumstance to be considered by the jury did not work harm to the plaintiffs, but was in their favor. In this connection see *Young* v. *Anderson,* 19 *Ga. App.* 551 (91 S. E. 900), in which the court said: "Physical disability brought on by attention to the decedent in his last illness should be considered by the jury, but the rule by which the allowance is to be determined remains the same." These spe-

cial grounds are without merit. Special ground 4 was not approved by the trial judge and cannot be considered.

Special ground 5 is obviously without merit.

Special ground 6 is incomplete because in order to determine that question it would be necessary to refer to the brief of evidence, as well as the whole charge of the court.

Special ground 7 is incomplete because to determine this special ground would require a reference to special grounds 1, 2, and 3, and to the whole charge of the court. In *Edenfield* v. *State,* 37 *Ga. App.* 628 (3) (141 S. E. 220), this court said: "Under repeated rulings of the Supreme Court and of this court, a special ground of a motion for a new trial must be complete within itself. When, for a proper understanding of it, it is necessary to refer to another special ground of the motion, or to the record, it will not be considered. *Jennings* v. *State,* 22 *Ga. App.* 550 (96 S. E. 397)." The court did not err in refusing to grant a new trial on any ground.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*