36555.   AUTRY *v.* ADAMS.

Decided February 22, 1957.

*Roberts & Roberts, Orrin Roberts,* for plaintiff in error.

*E. R. Lambert,* contra.

QUILLIAN, J. 1. The defendant insists that the evidence conclusively showed that Stone was an independent contractor and the defendant was not responsible for his actions. With this contention we cannot agree. There was sufficient evidence from which the jury could have concluded that Stone was the agent of the defendant and not an independent contractor. Moreover, there was evidence that the defendant participated in the cutting of the timber.

The defendant having filed a plea of discharge in bankruptcy, it was necessary for a recovery that the plaintiff prove that the defendant was a wilful trespasser. *Grady* v. *Information Buying Co.,* 168 *Ga.* 175 (147 S. E. 558); *Covington* v. *Rosenbusch,* 22 *Ga. App.* 799 (97 S. E. 462).

The plaintiff had the burden of proving a trespass and after having proved this the burden of evidence then shifted to the defendant to prove that the trespass was not intentional. *Hawkins* v. *Davie,* 136 *Ga.* 550, 551 (71 S. E. 873).

The plaintiff testified that there was a visible line between

their property because the timber had been cut several times on the defendant's side. The defendant testified that at the time of the cutting he did not know where the line was located. ". . . A wilful trespasser can be defined in general terms as one who knows that he is wrong, while an innocent trespasser is one who believes that he is right. 45 Words & Phrases, 341, and cit. The question as to whether the trespass was wilfully or innocently done is generally for the jury to determine, except in those cases where the trespasser acts with such entire want of care and reckless indifference as would clearly amount to a disregard of the rights of the other party. *Yahoola River Hydraulic Hose Mining Co.* v. *Irby*, 40 *Ga.* 479 (2); *Georgia Railroad & Banking Co.* v. *Gardner*, 115 *Ga.* 954 (42 S. E. 250); s.c., 118 *Ga.* 723, 724 (45 S. E. 600); *Southern Railway Co.* v. *O'Bryan*, 119 *Ga.* 147 (45 S. E. 1000), and cit.; *Investment Securities Corporation* v. *Cole*, 186 *Ga.* 809, 810 (199 S. E. 126), and cit.; *Strickland* v. *Miller*, 12 *Ga. App.* 671 (78 S. E. 48); *Ingram* v. *Smith*, 62 *Ga. App.* 335 (7 S. E. 2d, 922, 923); 45 Words & Phrases, 331 et seq." *Tennessee A. & G. Ry. Co.* v. *Zugar*, 193 *Ga.* 386 (3) (18 S. E. 2d 758).

There was sufficient evidence to support the verdict, and the trial judge did not err in overruling the general grounds of the motion for new trial.

2. Special grounds four and six are not complete within themselves and a consideration of them would necessitate referring to other portions of the record. Therefore these special grounds of the motion for new trial are not considered by this court. *Martin* v. *Martin*, 185 *Ga.* 99 (1) (194 S. E. 586); *Touchton* v. *Mock*, 91 *Ga. App.* 689, 693 (86 S. E. 2d 699).

3. Special ground five excepts to the following charge: "I also charge you if the jury should find that Lindsey G. Stone was a wilful trespasser and that the defendant Autry, knowing that Stone was a wilful trespasser, purchased certain timber cut from the lands described in the petition, then and in that event, the plaintiff would be entitled to recover of the defendant Autry the full value of the lumber purchased by him from Lindsey Stone, if any was purchased, at the time and place of demand or suit brought, without deductions for labor and expense."

The defendant insists that the charge was error because it was

not authorized by the evidence. After a careful consideration of the evidence it is concluded by this court that there was no evidence to warrant the above quoted charge. "The instructions should always be given in reference to the evidence in the particular case." *Gorman* v. *Campbell*, 14 *Ga.* 137. "Generally a charge by the court to the jury must be authorized by the evidence; and where a charge, though abstractly correct, is given which is not so authorized and which is calculated to confuse and mislead the jury, such charge will generally require a new trial." *Sikes* v. *Sikes*, 153 *Ga.* 725 (2) (113 S. E. 416, 24 A.L.R. 1324). *Central Ga. Power Co.* v. *Cornwell*, 139 *Ga.* 1 (2) (76 S. E. 387, Ann. Cas. 1914A, 880); *Wylly* v. *Gazan*, 69 *Ga.* 506 (3).

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*