68582. SHEFFIELD v. ESTATE OF SHEFFIELD.
(323 SE2d 679)

BENHAM, Judge.

Appellant, a widow, filed a petition in probate court to set aside the year's support awarded to her and her minor son after the probate court rendered final judgment in the matter pursuant to OCGA § 53-5-2. In her petition she alleged that she made application for the year's support through the attorney for the estate; that none of the five appraisers appointed told her what amount had been established for the award; and that she did not know what was included in the appraiser's report or the probate court order until after judgment had been entered. She sought to substitute an award amount that better reflected her and her son's needs.

A motion to dismiss appellant's petition was filed on behalf of appellee, the estate of appellant's late husband, and after a hearing the probate court granted the motion. Appellant filed an appeal to superior court; appellee moved for summary judgment, and that motion was also granted. The only question before this court on appeal is whether the trial court erred in granting the motion for summary judgment. We find that no error occurred.

Since appellant applied for and was awarded the year's support for herself and her son, they "cannot afterwards repudiate the judgments which they have secured for their own benefit." *Jones v. Fed.*

&c. *Bank of Columbia*, 189 Ga. 419 (2) (6 SE2d 52) (1939). Even if appellant could attack the judgment, the grounds raised in her petition were insufficient to authorize setting aside the award. The appraisers were not required to inform appellant of their actions. No formal procedure is prescribed by which the appraisers must carry out their duties. *Knowles v. Knowles*, 125 Ga. App. 642 (2) (188 SE2d 800) (1972). The award the appraisers make is presumed to be correct absent proof of error. *Touchton v. Mock*, 91 Ga. App. 689 (1) (86 SE2d 699) (1955).

If appellant questioned the correctness or propriety of the return, her remedy was to caveat the return and raise any such issue before the probate court. *Knowles*, supra. Once the judgment of that court has been rendered, it is too late to attack it except for causes apparent on the face of the record showing lack of jurisdiction. *Brownlee v. Brownlee*, 203 Ga. 377 (3) (46 SE2d 901) (1948). There being no allegation or evidence of such a deficiency, we affirm the judgment of the trial court.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 29, 1984.

*Donald E. Strickland*, for appellant.
*L. Earl Jones, Frank S. Twitty, Jr.*, for appellee.