## SMITH *v.* SMITH, administrator.

1. Though the estate of a decedent is solvent and exceeds in value the sum of five hundred dollars, his widow is not, under the Civil Code, § 3465, as a matter of right, absolutely entitled to a year's support of at least that amount in value, but the same may be fixed at one hundred dollars or more, the amount to be " estimated according to the circumstances and standing of the family previous to the death " of the husband.

2. The return of the appraisers appointed to set apart a year's support is prima facie correct; and if caveated by the widow on the ground that the allowance

is too small, the burden is upon her of showing by appropriate evidence that such is the fact.

3. A widow, though left childless, is under the law entitled to have set apart to her, as a part of her year's support, " a sufficient amount of the household furniture " left by her deceased husband.

Submitted May 1,—Decided June 9, 1902.

Year's support.   Before Judge Hart.   Jones superior court. September 3, 1901.

*Hardeman, Davis, Turner & Jones*, for plaintiff.
*Johnson & Johnson* and *J. M. Terrell*, for defendant.

FISH, J.   The points presented for adjudication by the record in this case are those referred to in the headnotes.

1. The first question is, if the estate of a decedent is solvent and exceeds in value the sum of five hundred dollars, is his widow, as a matter of right, absolutely entitled to a year's support of at least that amount in value from the estate?   Under the provisions of the Civil Code, § 3465, this question, in our opinion, must be answered in the negative.   That section declares:   " The provision set apart for the family shall in no event be less than the sum of one hundred dollars; and if it shall appear upon a just appraisement of the estate that it does not exceed in value the sum of five hundred dollars, it shall be the duty of the appraisers to set apart the whole of said estate for the support and maintenance of such widow and child or children, or, if no surviving widow, to the lawful guardian of the child or children, for their benefit."   It is only where the estate shall appear, upon a just appraisement of the same, not to exceed in value five hundred dollars, that the appraisers are required to set apart the whole of the estate; and when this so appears, they must set apart all of it, whether the estate be solvent or insolvent.   Under such circumstances, the question of solvency is wholly immaterial.   Where, however, the estate is of greater value than five hundred dollars, the appraisers shall set apart therefrom, as a year's support, what in their judgment will be a sufficiency for the support and maintenance of the widow, or minor child or children, or widow and minor child or children, as the case may be, for the space of twelve months, the amount "to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate."   If it be claimed that there is a want of harmony

in these provisions of the statute, in that the appraisers are required to set apart the whole of the estate if it be of less value than five hundred dollars, while they may set apart only one hundred dollars if the estate be of greater value than five hundred dollars, the only reply we have to make to such criticism is that such is the law, and this court is powerless to change it. If there be incongruity in the statute in this respect, it came about in this way: Our first Civil Code was adopted by the act of December 19, 1860, which provided that the code should be of force and take effect on January 1, 1862. This act was amended by the act of December 16, 1861, which declared that the Code should go into operation January 1, 1863, and not before. This Code, § 2531, in relation to a year's support, provided that "The provision set apart for the family shall in no event be less than the sum of one hundred dollars, and may extend to the whole estate." On December 9, 1862, an act was passed amending the act of October 19, 1856, providing for setting apart a year's support, in which amending act it was declared: "It shall be the duty of said appraisers appointed in pursuance of said act, if it shall appear upon a just appraisement of such estate that it does not exceed in value the sum of five hundred dollars, to set apart the whole of such estate for the support and maintenance of such widow and child or children." Acts 1862 – 3, p. 30. It is needless to inquire what effect the act of December 9, 1862, had upon the section above quoted of the Code which was not to go into operation until January 1, 1863, for the reason that the provisions, quoted in the first part of this opinion, of section 3465 of the Code of 1895, all the sections of which were by the adopting act of December 16, 1895, enacted into statutory law (*Central of Georgia Railway Co.* v. *State,* 104 *Ga.* 831), are clear and specific and must be taken as the law on the subject, though they may not operate in every instance with entire harmony. It may be noted that the language quoted from the Code of 1895, § 3465, is the same as that employed in the Codes of 1868 (§ 2530), 1873 (§ 2571), and 1882 (§ 2571), neither of which three last-mentioned codes, however, was ever adopted by an act of the legislature.

2. The principles announced in the second headnote are supported by *Robson* v. *Harris,* 82 *Ga.* 153. In the present case the appraisers set apart the sum of one hundred dollars as a year's sup-

port to the widow. One of the grounds of her caveat to the return was, that the amount set apart was insufficient for her support and maintenance for twelve months. Upon the trial, on appeal, of this issue before the jury, the only evidence submitted was that she was the widow of F. M. Smith ; that he died, testate, in 1900, leaving his whole estate to his brothers and sisters and their children; that Moses Smith had been duly appointed administrator upon the estate, with the will annexed; that the estate was worth over $1,500, including household furniture of the value of $21.30; and that the widow had duly applied for a year's support, and the appraisers had set apart to her the sum of $100 in cash and no household or kitchen furniture. There was no evidence as to the standing or manner of living of the family previously to the death of the husband, and the prima facie correctness of the return of the appraisers was not overcome.

3. The widow caveated the return upon the additional ground that the appraisers had not set apart to her any household furniture. The jury found against her on this issue, although the evidence showed that her husband left household furniture of the value of $21.30. We think this finding was contrary to law and the evidence, and that the trial judge should have granted a new trial upon the ground of the motion making this point. The statute declares: "If there be a widow, the appraisers shall also set apart, for the use of herself and children, a sufficient amount of the household furniture," and where the decedent leaves furniture and none of it is so set apart, the return is illegal. While the statute says the furniture shall be "for the use of herself and children," we think it evident that the widow is entitled to a sufficiency of furniture even though there be no children. The statute declares, "if there be a widow," a sufficiency of furniture shall be set apart, and taking this literally it would appear that if there be no widow, no furniture could be set apart to the children. Yet in *Taylor* v. *Flint*, 35 *Ga.* 124, it was held: "When the family of a decedent embraces two sets of children, each set is entitled to an allowance of furniture, or to an equivalent in lieu thereof."

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*