### 10719. MAYS *v.* MAYS.

STEPHENS, J. 1. The act approved August 19, 1918 (Ga. L. 1918, p. 122), requires that the return of appraisers appointed to set aside a year's support to the family of a decedent "shall," when any land is included in the property set aside in the return, "fully and accurately describe said land and make a plat thereof, which plat shall be made and recorded as a part of the appraisers' return," and that "upon the filing of said return the ordinary shall issue citation and publish notice, . . citing all persons concerned to show cause why said application shall not be granted." While an accurate description of the land set aside as a year's support and the making of a plat thereof as provided in the act are essential to the return, they are not conditions precedent to the right of the ordinary to issue citation and publish notice citing all persons concerned to show cause why the application should not be granted. Where land is included in the property set aside, a failure to make a plat of the land, to be recorded as part of the return, may be cured by an amendment to the return.

2. An appraiser appointed to set aside a year's support to the family of a deceased person cannot impeach the return by testifying that the appraisers were governed by other considerations than a due regard to the circumstances and standing of the family previous to the death of the decedent. The trial judge properly excluded testimony of one of the appraisers, to the effect that the appraisers, in setting aside the year's support, took into consideration the fact that the decedent had conveyed some of his property to the caveator.

3. It is the duty of the appraisers, appointed by the ordinary to set aside a year's support to the family of a deceased person, to estimate the value of the property set aside for such purpose, in accordance with the circumstances and standing of the family previous to the decedent's death, keeping in view also the solvency of the estate. Civil Code (1910), § 4041. Where a caveat is filed to the return of the appraisers, excepting thereto upon the ground that the value of the property set aside as a year's support is excessive and disproportionate to the value of the estate, and that it was not set aside with due regard to the circumstances and standing of the family previous to the decedent's death, the burden is upon the caveator to sustain the exceptions.

4. While, ordinarily, evidence as to the yearly amount expended by the decedent for food for the maintenance of the family, together with certain yearly amounts expended for his individual needs alone, is not sufficient to establish the circumstances and standing of the family previous to his death, yet, where the estate of a deceased person is valued at $55,000 and the property set aside by the appraisers as a year's support for the widow is of the value of $18,000, and it appears that the decedent in his lifetime incurred a yearly expenditure of only $1,000 for food for the family, there is presented an issue for the jury as to whether or not the property set aside as a year's support is excessive and disproportionate to the value of the estate, and is not set aside with due regard to the circumstances and standing of the family previous to the decedent's death. It was error upon the part of the trial judge to direct a verdict sustaining the return of the appraisers.

Judgment reversed. Jenkins, P. J., and Smith, J., concur.

DECIDED JULY 19, 1920.

Application for year's support—appeal; from Butts superior court—Judge Searcy. May 30, 1919.

H. U. Fletcher, C. L. Redman, Greene F. Johnson, for plaintiff in error.

Holden, Jennings & Holden, E. J. Reagan, W. E. Watkins, contra.