25055. CALHOUN NATIONAL BANK *et al. v.* SLAGLE.

DECIDED JUNE 19, 1936.

*J. H. Paschall, Joe M. Lang,* for plaintiff in error.

*Y. A. Henderson,* contra.

MACINTYRE, J. Mrs. Finnie Slagle applied to the court of ordinary of Gordon County for a year's-support allowance for herself and one minor child out of the estate of H. C. Slagle, her deceased husband, asking that there be set apart for their support and maintenance from such estate, "either in money or such property as may be selected by . . petitioner, at a fair valuation to be made by" the appraisers, the sum necessary in their judgment therefor, and in addition thereto a sufficient amount of the household furniture for the use of the widow and child. In the order appointing the appraisers it was provided that they could set apart the sum necessary "either in money or such property as the said widow may select, at a fair valuation to be made by" them. The appraisers made their report providing that they had "assessed and set apart as being necessary for the support of said widow and child the sum of five hundred dollars, which the said widow has selected to take as follows:" two described mules which were sub-

ject to a lien, a one-fourth interest in a certain note, a one-third undivided interest in two lots of wild lands, and the equity of redemption in a tract of land containing 255.3 acres (being the home place of the deceased), together with certain household furniture. The widow interposed no objection to this report. Six judgment creditors of the husband filed their caveats, and on the trial the ordinary entered judgment sustaining the report of the appraisers to the extent of allowing the applicant $500 as a year's support, "to be collected out of the proceeds of the property named in said return, including all rents from same for the year 1934, and all remainder of said property, including said rents, to be subject" to the claims of the caveators. The widow appealed from this judgment. In the superior court all of the caveats were consolidated into one case. The caveators offered an amendment in which they tendered to the widow $500 in settlement of her claim for year's support, in addition to the furniture set apart. The judge disallowed this amendment, and the caveators filed exceptions pendente lite. Both sides introduced evidence, and the judge charged the jury, in effect, that the case was before them as a de novo proceeding, that the caveators were contending that the award was excessive, that the jury could approve the return of the appraisers as made, or, if they did not approve of said return, they should determine what was a fair and just appraisement and modify the return of the appraisers accordingly; that they could allow the widow and child money to be derived from the sale of the estate, or they could allow them equity in the property; that they were not bound by any sum, except they could not allow less than $100; that they could allow the entire estate, or they could allow certain property to the widow and child for a year's support, and leave other property in the estate for the benefit of the creditors. The verdict rendered was for the widow for "all equity in the H. C. Slagle home place, valued at $500, the two mules, and all farm implements. Balance of H. C. Slagle estate subject to indebtedness of H. C. Slagle." The caveators moved for a new trial on the general grounds, and to the judgment overruling their motion they excepted.

■ The judge did not err in disallowing the proffered amendment in which the caveators tendered to the widow $500 cash in settlement of her claim for a year's support, in addition to the

amount of the household furniture set apart. There is no provision of law by which the widow was bound to accept cash offered by the judgment creditors of her husband, in lieu of a year's-support allowance, even though the amount offered was the amount at which the appraisers had valued the allowance they set apart. The widow was entitled to have a year's-support allowance in property, instead of cash, unless the appraisers or the jury should determine to the contrary. A year's support to a widow and children may be set apart from property of which their husband and father died possessed, the same to be "either in property or money," and to be "a sufficiency from the estate for their support and maintenance for the space of 12 months, . . to be estimated according to the circumstances and standing of the family previous to the death" of their husband and father. See Code, § 113-1002. The allowance may be either in "property or money." *Whatley* v. *Watters*, 136 *Ga.* 701, 703 (71 S. E. 1103). It has been held that in so far as an administrator is concerned who collects the assets of an estate and pays the just debts owed by his intestate, etc., it is immaterial whether the return of the appraisers vests in the applicant for a year's support, to be set apart from the estate of his intestate, a specific interest in the property of the estate measured by money, or whether it is an assignment of a certain amount of money to be a charge on the specific property. The administrator can not administer any property or money set apart as a year's-support allowance. He has no interest therein, the title and right thereto being in the applicant. It is as to him "res inter alios acta." See *Winn* v. *Lunsford*, 130 *Ga.* 436 (2, 3), 440 (61 S. E. 9). By parity of reasoning, a judgment creditor of the deceased husband is not concerned with whether the widow receives her year's support from an interest in property of the estate measured by money, or a certain amount of money to be a charge on the property of the estate. That a widow should be allowed as a year's support money instead of property from the estate of her deceased husband, from which she could properly be allowed a year's support, is no concern of a judgment creditor of the husband, who caveats the return of the appraisers awarding her an interest in certain property as a year's support, complaining that the property is valued at too small an amount. Such is not the proper subject-matter of a caveat. See *Winn* v. *Lunsford*,

supra. Properly construing the return of the appraisers in this case, it was not an award to the widow and child of a certain sum of money to be derived from a sale of the property of the estate, but was an award setting apart certain described property to them, valuing the same at a certain sum. It was for the appraisers or the jury, as the case might be, to determine whether the year's-support allowance should be in money to be charged to the property of the estate, or should be in property of the estate measured by money.

■ The verdict was not contrary to law or to the evidence; nor was it erroneous for the reason that the amount allowed as a year's support was excessive and disproportionate, the property being insufficiently valued, and the equity in the home place of the husband being worth more than the $500 at which it was valued. Where there is evidence on which to base the verdict, this is essentially a question for the jury, and the burden is on the caveators to sustain their contention as to the disproportionate amount at which the property set apart was valued. *Mays* v. *Mays,* 25 *Ga. App.* 515 (103 S. E. 805); *Jones* v. *Cooner,* 142 *Ga.* 127 (82 S. E. 445); *Young* v. *Anderson,* 19 *Ga. App.* 551 (91 S. E. 900). The jury trial in the superior court on appeal was a de novo investigation, and the jury could make such allowance for a year's support as the evidence in their judgment warranted. The judge charged the jury to this effect, that they could find in favor of the award of the appraisers, or they could modify the award and allow the widow and child a fair and just allowance for a year's support. Under the circumstances, this court will not disturb the verdict. It appears from the verdict that the allowance made by the appraisers was modified by the jury. In the original report of the appraisers there was allotted to the applicant considerable property in addition to the equity of redemption of the deceased husband in his home place, the total being valued at $500, while the jury placed a value of $500 on the equity in the home place, and then did not allow all of the other property of the estate, but only two mules and the farm implements. It follows that the judge properly overruled the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*