25547. WILSON, administrator *v.* WILSON.

STEPHENS, J. 1. Where appraisers have set apart a year's support to a widow, and a caveat thereto has been filed by the administrator of the estate, irrespective of whether the burden of proof rests on the widow or on the administrator, the return of the appraisers makes a prima facie case for the widow; and in the absence of any evidence tending to show the circumstances and standing of the family before the death of the husband, or as to the solvency of the estate, a verdict sustaining the return of the appraisers is demanded as a matter of law. *Smith v. Smith,* 115 *Ga.* 692 (42 S. E. 72). See *Gunn* v. *Pettygrew,* 93 *Ga.* 327 (2) (20 S. E. 328); *Cheney* v. *Cheney,* 73 *Ga.* 66; *Robson* v. *Harris,* 82 *Ga.* 153 (7 S. E. 926); Code, § 113-1002.

2. On the trial in the superior court of an issue on appeal from the court of ordinary, made by a caveat filed by the administrator to the return of the appraisers setting apart property valued at $300 as a year's support to the widow, where the only evidence in rebuttal of the presumption of the correctness of the year's support as established by the return of the appraisers was that various sums of money from the sale of property of the estate had been paid to the widow by the administrator, and there was still unpaid a debt of $150 against the estate, and there was no evidence tending to show that the value of the property set apart as a year's support was in excess of the amount necessary for the support of the widow, "estimated according to the circumstances and standing of the family previous to the death of the" husband, although the property set apart may have consisted of all of the estate, and no assets were left with which to pay the indebtedness, the evidence was insufficient to rebut the presumption of the correctness of the return of the appraisers.

3. The court did not err in dismissing the caveat and in rendering judgment sustaining the return of the appraisers. Whether the court should have directed a verdict, rather than enter a judgment, without a verdict of the jury, sustaining the return of the appraisers, is a matter concerning which the administrator can not complain. The administrator, as a matter of law, not being entitled to prevail, has suffered no injury to any substantial right because the ruling adverse to him was not rendered by the jury instead of solely by the court, as it was.

*Judgment affirmed.* *Jenkins, P. J., and Sutton, J., concur.*

DECIDED DECEMBER 4, 1936.

*Quillian & Phillips,* for plaintiff in error. .
*Marvin A. Allison,* contra.