28610. MATTHEWS *v.* MATTHEWS.

DECIDED JANUARY 20, 1941. REHEARING DENIED MARCH 26, 1941.

*J. D. Bradwell, Shackelford & Shackelford,* for plaintiff.
*James W. Arnold, Rupert A. Brown,* for defendant.

FELTON, J. A caveat to the return of appraisers appointed to set apart a year's support to Mrs. Launa Reeves Matthews was sustained, and she appealed to the superior court, where the jury ap-

proved the return of the appraisers. The caveator, M. P. Matthews, as testamentary guardian and as next friend of his minor daughter, Marian Lou Matthews, excepted to the overruling of his motion for new trial.

The will of H. L. Matthews, the husband of Mrs. Launa Reeves Matthews, provided: "Item two: I will, devise, and bequeath all of the property, real and personal of which I may die possessed, to my wife, Mrs. Launa Reeves Matthews, for and during her natural life. Item three: Upon the termination of the life-estate created by the paragraph just hereinabove numbered, for my wife, it is my will and desire that Marian Lou Matthews, the daughter of my brother, M. P. Matthews and his wife, Mazie Garrison Matthews, shall have all of my property real and personal, to be hers absolutely in fee simple. In other words, my wife is to have my property for life, and at her death it is to go to my niece Marian Lou Matthews in fee simple." There was no specific requirement in the will that the life-estate should be taken in lieu of a year's support, and it does not appear from the will that such was the intention of the testator. Therefore the widow was not put to an election, and was entitled to a life-estate and a year's support. *Clark* v. *Clark,* 62 *Ga. App.* 738 (9 S. E. 2d, 710) ; *Burch* v. *Harrell,* 57 *Ga. App.* 514 (196 S. E. 205) ; *McNair* v. *Rabun,* 159 *Ga.* 407 (126 S. E. 9) ; *Latch* v. *Latch,* 21 *Ga. App.* 545 (94 S. E. 853) ; *Kinard* v. *Clay,* 138 *Ga.* 544 (75 S. E. 636) ; *Chambliss* v. *Bolton,* 146 *Ga.* 734 (92 S. E. 204) ; *Casey* v. *Casey,* 151 *Ga.* 169 (106 S. E. 119). There is no inhibition against setting apart the whole estate, as was done in this case, merely because the estate is of a greater value than $500. *Edwards* v. *Addison,* 187 *Ga.* 756(3) (2 S. E. 2d, 77).

There is no merit in the contention that the return of the appraisers was excessive as a matter of law. The following property was set apart: 176.7 acres of land, the equity in which was valued by the appraisers at $1234; 50 acres of land in Jackson County, valued at $500; two mules valued at $50 each, and two mules valued at $100 each; one cow valued at $25; corn, feedstuffs, tools, and wagon, valued at $105; all the household and kitchen furniture. The return of the appraisers is prima facie evidence of its reasonableness and fairness. The burden of proof on the question of excessiveness was on the caveator. In this case the only evi-

dence on the questions involved, namely, the valuation of the property set apart and the amount necessary for the widow's support for a year, was opinion evidence. Both sides introduced evidence as to the value of the property, and the jury was authorized to find, from the evidence of the widow and her witnesses, that the values put on the property by the appraisers were adequate. The witnesses for the caveator gave as their opinion that a maximum of $600 would have been an adequate amount for the year's support. While the widow did not testify as to what amount would be proper, and gave very few, if any, facts from which the jury could ascertain what would be a proper amount, we know of no rule of law which requires a jury to accept opinion evidence in preference to the prima facie presumption arising from the return of the appraisers that they have set apart a fair and reasonable amount. The return does not show on its face that it is so excessive as to indicate fraud or mistake. There is still another reason why the return can not be held excessive as a matter of law. The widow was entitled to a year's support and a life-estate. The appraisers set apart the whole estate as a year's support, which included her life-estate. She did not complain of this. The jury could have taken into consideration the fact that they were setting apart to the widow the property involved in the life-estate, which, valued by one method recognized by law, Carlisle annuity table, was worth in excess of $1000. Bearing this in mind, the real effect of the return was to set apart approximately $1164 of the estate as a year's support.

■ The ground of the motion for new trial that the court, without a request, erred in not giving precautionary instructions to the jury, and in not instructing them to disregard testimony as to the rendition of services by the widow to her husband during his long illness, in arriving at their verdict, is without merit. The testimony came from witnesses after the judge had ruled such evidence inadmissible. In such a case a motion should have been made to rule out the objectionable testimony, or a request should have been made for appropriate instructions on the subject. Neither was done in this case.

The above rulings cover all of the contentions of the plaintiff in error which are argued or insisted on. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*