40085. SAMPLES, Executor v. SAMPLES.

Decided May 16, 1963.

*John H. Hudson, Pauline E. Cousins,* for plaintiff in error.
*Charles H. Bruce,* contra.

NICHOLS, Presiding Judge.  1.  The defendant in error has filed a motion in this court seeking to have the case transferred to the Supreme Court as being a case "involving the validity of and the construction of a will."  Under the decision of the Supreme Court in *Saxon v. Aycock,* 199 Ga. 232 (33 SE2d 697), such motion is without merit, and the caveat, if alleging an equitable defense, does not seek any affirmative equitable relief and merely seeks a general verdict.  See *Equitable Life Assurance Society v. Bischoff,* 179 Ga. 255 (175 SE 560).

2.  The caveat as amended sought to show that the applicant had, by virtue of a contract between herself and the deceased waived the year's support, that she had acquiesced in and abided by the terms of the will (which referred to the contract), that she had received more than a year's support from the estate by living on, using and enjoying the estate for eight years and four months since the death of the deceased, that the application for year's support is a scheme to defeat and destroy the will of the deceased, that the property set aside as the year's support consists of all real property of the estate devised to the applicant for life (with remainder to the children of the deceased), that having accepted and abided by the terms of the will and received the benefits of the property under the terms of the will for eight years and four months she has elected to receive the

life estate in said property in lieu of the year's support and is estopped from now claiming a year's support, and that the amounts set aside by the appraisers were excessive.

The applicant filed various demurrers to the caveat and all such demurrers were sustained except as to the question of excessiveness and as to whether, due to the long lapse of time, the applicant had received as much or more from the estate than she would be entitled to as a year's support. In support of the above judgment overruling certain of the demurrers the trial court cited *Federal Land Bank of Columbia v. Henson,* 166 Ga. 857 (144 SE 728), which this court also deems controlling, and *Walraven v. Walraven,* 76 Ga. App. 713, 718 (47 SE2d 148), to support his judgment that temporary possession of the dwelling house and furniture would not bar her right to a year's support. No error is shown by such judgments.

The grounds of the caveat, which contend that under the will of the deceased and a contract between the applicant and the deceased, and an election on the part of the applicant, applicant has no right to a year's support, were properly stricken on demurrer.

Neither the will nor the purported contract provided that the applicant must make such an election, and the contract did not expressly provide that the applicant would not be entitled to a year's support. See in this connection *Walraven v. Walraven,* 76 Ga. App. 713, supra, and *Bowen v. Bowen,* 200 Ga. 572 (37 SE2d 797), where it was said: "1. A testator may by his will make provision for his wife in lieu of dower and twelve-months' support. Where such provision has been made and accepted by the wife after the husband's death, the right to a twelve-months' support and dower will be barred. *Code* §§ 113-1007, 31-110; *Bass v. Douglas,* 150 Ga. 678 (104 SE 625); *Chambliss v. Bolton,* 146 Ga. 735 (92 SE 204). 2. Ordinarily, a widow is entitled to a year's support; and in case of testacy, in order to put the widow to an election between the provisions made in her favor in the will and her right to a year's support under the statute, such testamentary provision in her favor must be either expressly made in lieu of year's support, or the intention of the testator to that effect must be deduced by clear and manifest

implication from the will, founded on the fact that the claim of year's support would be inconsistent with the will or so repugnant to its provisions as necessarily to defeat them. *Chambliss v. Bolton,* 146 Ga. 734 (supra)." Since neither the will, nor the purported contract made such a provision the applicant was not barred from seeking a year's support, and the trial court did not err in sustaining the demurrers to the caveat which sought to bar the applicant from a year's support on such ground.

3. The caveator's demurrer to the applicant's answer to the caveat was sustained in part and overruled in part. The one ground overruled attacked a paragraph of such answer which alleged the condition of the applicant since the death of her husband. Such paragraph alleged recent happenings as well as allegations as to her condition generally without reference to time. The demurrer does not attack just a part of the paragraph but the complete paragraph, and if any of the allegations of such answer are not subject to demurrer the trial court properly overruled such demurrer. See *Smith v. Davis,* 76 Ga. App. 154, 157 (45 SE2d 237), *Baer v. Christian,* 83 Ga. 322 (2) (9 SE 790). Under the decision of the Supreme Court in *Cheney v. Cheney,* 73 Ga. 66, 71; and of this court in *Burch v. Harrell,* 57 Ga. App. 514, 518 (196 SE 205), such judgment was not error, for under both cases evidence of "the condition of the family after death of the husband" was held to be admissible.

4. Special ground 4 of the amended motion for new trial assigns error on the admission of evidence over objection to support the allegations made by the paragraph of the applicant's answer to which the caveator's demurrers were overruled.

Such judgment on demurrers established the law of the case and the applicant was entitled to introduce evidence in support of such pleadings. See *Cloud v. Stewart,* 92 Ga. App. 247, 249 (88 SE2d 323), and the numerous cases there cited.

The judgment on the applicant's demurrers to the caveat established as the law of the case that the possession of the house could not be considered as benefits received from the estate and the evidence set forth in special ground 5 was properly excluded on objection. Moreover, the evidence allegedly ruled out in this ground (as well as a part of the evidence allegedly

excluded in special ground 6), appears in the brief of evidence and therefore no error is shown since: "where there is a conflict between a motion for new trial and the record, the record controls." *Searles v. State*, 107 Ga. App. 412 (1) (130 SE2d 253).

5. Special ground 6 complains of the exclusion of evidence dealing with the solvency of the estate. The caveat was limited to the question of excessiveness based on the standard of living, etc., of the applicant prior to the death of her husband, and no issue was raised by such caveat as to the solvency of the estate.

While under *Code Ann.* § 113-1002 the appraisers are to consider the solvency of the estate yet the issue presented by the caveat did not raise such question. See *Taylor v. Taylor*, 195 Ga. 711 (2) (25 SE2d 506), wherein it was said: "It is not error to refuse to allow the introduction of evidence not shown to be relevant to the issue on trial."

6. The return of the appraisers was prima facie correct *Smith v. Smith*, 115 Ga. 692 (42 SE 72); *Wilson v. Wilson*, 54 Ga. App. 770, 189 SE 71; *Touchton v. Mock*, 91 Ga. App. 689, 690 (86 SE2d 699), and the evidence adduced upon the hearing, most of which dealt with the income of the testator and the applicant, did not demand a verdict different from that rendered by the jury. The trial court did not err in overruling the caveator's motion for new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*