111 Ga. App. 664 (1965)
142 S.E.2d 855
BRUMBELOW et al., Executors
v.
BRUMBELOW.
41316.
Court of Appeals of Georgia.
Argued May 5, 1965.
Decided May 11, 1965.
*665 Cecil D. Franklin, for plaintiffs in error.
Henry A. Stewart, Sr., contra.
HALL, Judge.
This case in the superior court resulted in an affirmance of a judgment of the court of ordinary sustaining the appraisers' award of year's support to a widow over a caveat filed by the executors of the deceased's estate. In this court, the executors assign error on the judgment of the superior court overruling their motion for new trial. Held:
An appeal from a judgment of a court of ordinary to the superior court is a de novo investigation. Code §§ 6-201, 6-501. Upon the trial of a caveat to the appraisers' award of year's support, the appraisers' return is prima facie evidence that the award is correct, and the caveator has the burden to rebut this evidence by showing that the award is unreasonable or excessive. Wilson v. Wilson, 54 Ga. App. 770 (189 SE 71). When evidence is presented to show the award is unreasonable or excessive, the jury may make the allowance of year's support either by sustaining the appraisers' award or by modifying it. Cheney v. Cheney, 73 Ga. 66; Aiken v. Davidson, 146 Ga. 252 (91 SE 34); Wardlow v. Wardlow, 41 Ga. App. 538 (154 SE 159); Calhoun Nat. Bank v. Slagle, 53 Ga. App. 553 (186 SE 445).
The ground of the motion for new trial is that the court erred in its charge in that it did not instruct the jury that if they considered the award of the appraisers excessive they should render a verdict fixing the amount of year's support according to the law and evidence before them. The court charged that, if the jury found the appraisers' award was not excessive, they should render a verdict for the widow, and if they found the award was excessive, they should render a verdict setting it aside "and due proceedings would be had following that." The instructions did not tell the jury that they should make their decision and render their verdict on the issue of year's support de novo, and was therefore incomplete and inadequate.
The evidence did not demand a verdict sustaining the appraisers' award. Mays v. Mays, 25 Ga. App. 515 (103 SE 805).
The trial court erred in overruling the motion for new trial.
Judgment reversed. Bell, P. J., and Frankum, J., concur.