42530. THIGPEN, Executor v. THIGPEN.

QUILLIAN, Judge. The executor of the estate of Fred L. Thigpen filed a caveat to the return of the appraisers appointed to set apart a year's support to Mrs. Ammie B. Thigpen. The appraisers had awarded Mrs. Thigpen $6,340 as a year's support. The cause was appealed by consent to the Jefferson Superior Court and tried before a jury who found for Mrs. Thigpen in the amount of $6,000.

Appeal was taken from the overruling of caveator's motion for new trial. The only question for this court's consideration is whether the verdict is excessive, the caveator contending that the undisputed weight of evidence shows the verdict for $6,000 is erroneous and without evidence to support it. *Held:*

1. The appraisers' return was introduced into evidence. The rule is that "Upon the trial of a caveat to the appraisers' award of year's support, the appraisers' return is prima facie evidence that the award is correct, and the caveator has the burden to rebut this evidence by showing that the award is unreasonable or excessive. *Wilson v. Wilson,* 54 Ga. App. 770 (189 SE 71)." *Brumbelow v. Brumbelow,* 111 Ga. App. 665 (142 SE2d 855); *Matthews v. Matthews,* 64 Ga. App. 580, 581 (13 SE2d 843); *Touchton v. Mock,* 91 Ga. App. 689,

690 (86 SE2d 699) ; *Smith v. Smith,* 115 Ga. 692 (42 SE 72). While evidence as to income and what the parties lived on prior to the husband's death was adduced by both sides, there was not such evidence as to the circumstances and standing of the family previous to the death of the testator as to demand a finding that the return was excessive. The burden being on the caveator to show the return was excessive, a jury question was presented as to this issue. *Matthews v. Matthews,* 64 Ga. App. 580, supra; *McKemie v. McKemie,* 76 Ga. App. 212 (45 SE2d 456) ; *Samples v. Samples,* 107 Ga. App. 788, 792 (6) (131 SE2d 584) ; *Edwards v. Addison,* 187 Ga. 756 (2 SE2d 77).

2. One of the appraisers, called as a witness, testified that the appraisers arrived at the amount set aside to the widow based on an 8 to 10 year life expectancy. The caveator contends this proves the appraisers totally disregarded the law and that acting on such basis renders their return without legal foundation and excessive.

It should be pointed out that the appraiser also testified that the appraisers, when deliberating, used various facts and figures to reach their decision and arrived at what they felt was a fair and just award. With reference to whether the amount of the return was computed over an eight-year period, while at one point the appraiser stated, "That's right . . . and I'm not positive of whether it was eight or ten years that we figured on," at another point he testified: "I think that's the way we did it."

"An appraiser appointed to set aside a year's support to the family of a deceased person cannot impeach the return by testifying that the appraisers were governed by other considerations than a due regard to the circumstances and standing of the family previous to the death of the decedent. The trial judge properly excluded testimony of one of the appraisers, to the effect that the appraisers, in setting aside the year's support, took into consideration the fact that the decedent had conveyed some of his property to the caveator." *Mays v. Mays,* 25 Ga. App. 515 (2) (103 SE 805).

In view of the somewhat confused and contradictory nature of the appraiser's testimony and keeping in mind the rule above set out we can not hold as a matter of law that the return was excessive or arbitrarily arrived at.

*Judgment affirmed. Frankum, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 10, 1967—DECIDED FEBRUARY 14, 1967.

*Grant & Matthews, C. A. Matthews,* for appellant.
*Abbot & Abbot, James C. Abbot,* for appellee.