## 52493. CARTER et al. v. CARTER.

CLARK, Judge.

In this appeal from a judgment granting a year's support to appellee widow, the caveators, adult children of decedent's previous marriage, seek a reversal on the basis of three enumerations of error. They are: (1) refusal by the trial court to admit in evidence testimony of the probate judge and of one of the appraisers relating to failure of the appraisers to meet as a body or to hear evidence as to circumstances of the decedent; (2) failure of the judge "to instruct the jury to disregard evidence which he had admitted predicated upon appellee's showing wrongful action of appellant reducing the value of decedent's estate, which appellee failed to do"; and (3) that the evidence showed that the award of the appraisers was grossly excessive, "and there being no evidence at all to the contrary."

Following application by the widow for a year's support, three of the five appraisers appointed by the probate judge filed their return. This was in the usual form and recited that "we have assessed and set apart as being necessary for the support and maintenance. . . $27,200, which the said widow has selected to take as follows: The house and that tract of land upon which said house is located described as follows: [legal description] together with the contents and household furniture therein." A caveat to this return was filed by present appellants. They attacked the award as being excessive and also averred the conduct of the appraisers failed to conform to legal requirements. At the conclusion of the probate court trial, the judge ruled only as to the amount, holding it to be excessive and further stated "that said amount should not be in excess of $8,000."

The widow filed an appeal to the superior court. In conformance with our statute (Code § 6-501) the whole matter was there presented de novo before a jury. Their verdict was in awkward language, reading: "It is the decision of this jury, that the decision for the Probate Court that the full amount of $27,200, be set aside for twelve months' support." The judge then polled the jury

individually and as a group. His judgment entered upon the verdict states this was done "in order to make the intention of the jury absolutely clear and further to clear up any irregularities or peculiarities of expression, and technical inaccuracies in the jury's verdict." The judgment further declared the residence and all household furniture to be set aside as the year's support.

The caveators thereafter filed a motion for judgment n.o.v. and a motion for new trial. When both motions were denied this appeal followed: *Held:*

1. Was the superior court correct in refusing to permit testimony as to the manner in which the appointed appraisers acted in reaching the result set forth in their return? Yes.

The reason for this affirmative answer is cogently stated by Justice (later Chief Justice) Fish[1] in *Moore v. Moore,* 126 Ga. 735, 739 (55 SE 950). There, after noting that the statute does not prescribe any procedure for the appraisers, the eminent Justice wrote:"If, in making their return, the appraisers have acted upon insufficient or misleading information as to the property owned by the decedent at the time of his death, or as to any other relevant fact upon which their return may in part be predicated, the law provides a remedy for any person whose legal rights may be injuriously affected thereby, by giving to such person the right to caveat the return; and, upon a trial of the issue thus raised before the ordinary [now probate judge], all the relevant facts may be developed by competent and legal evidence introduced for this purpose, and the return, if incorrect and improper,

---

[1]William H. Fish (1849-1926) practiced law only six years before going on the bench. He served successively as Judge of the Macon County Court and Southwestern Circuit Superior Court and then from 1897 to 1923 on the Supreme Court. He wrote more than 2,000 opinions. Upon retirement he became Dean of the Mercer University Law School. Rated "as one of Georgia's greatest Supreme Court Justices" (page 174 of A History of the Supreme Court of Georgia), his memorial is in 165 Ga. 907.

under the facts disclosed, may be corrected."

This reasoning also applies to the de novo trial when an appeal is taken to the superior court. Since the parties must present evidence concerning the amount necessary for the twelve months' maintenance, the circumstances and standing of the family, and the solvency of the estate, no inquiry is permissible as to whether the appraisers acted singly or as a group nor as to the evidence which they considered in making their return. See *Knowles v. Knowles,* 125 Ga. App. 642 (188 SE2d 800).

Moreover, "An appraiser appointed to set aside a year's support to the family of a deceased person cannot impeach the return by testifying that the appraisers were governed by other considerations than a due regard to the circumstances and standing of the family previous to the death of the decedent." *Mays v. Mays,* 25 Ga. App. 515 (2) (103 SE 805); *Thigpen v. Thigpen,* 115 Ga. App. 214, 215 (2) (154 SE2d 303).

*Collins v. Collins,* 110 Ga. App. 569 (139 SE2d 459) relied upon by appellants, does not hold that judicial inquiry can be made into the conduct of the appraisers but rules that a return which on its face arbitrarily excluded a minor child in total disregard of its rights should have been disallowed.

2. There is no merit to the second enumeration. After conditionally permitting the line of interrogation of the caveator-witness as to his handling of the father's property during decedent's lifetime, the trial judge permitted interrogation which resulted in successful rebuttal of any derogatory implications. The trial judge stressed to the jury in conformance with Code § 113-1002, that its duty was to determine from the evidence how much would be "a sufficiency from the estate for [the widow's] support and maintenance for the space of 12 months . . . to be estimated according to the circumstances and standing of the family previous to the death . . . and keeping in view also the solvency of the estate."

3. We next deal with the contention that the award was excessive and contrary to the evidence. In doing so, we must consider these principles applicable to year's support decisions: (a) "The jury trial in the superior court on appeal was a de novo investigation, and the jury could

make such allowance for a year's support as the evidence in their judgment warranted." *Calhoun Nat. Bank v. Slagle,* 53 Ga. App. 553, 556 (186 SE 445); (b) The trial is not confined to the allowance or disallowance of the return and the jury may change or modify the return of the appraisers as to the amount or property set apart. Redfearn, Wills and Administration in Georgia (3d Ed.), § 332, pp. 289, 290; (c) "Upon the trial of a caveat to the appraisers' award of year's support, the appraisers' return is prima facie evidence that the award is correct, and the caveator has the burden to rebut this evidence by showing that the award is unreasonable or excessive." *Brumbelow v. Brumbelow,* 111 Ga. App. 665 (142 SE2d 855).

Moreover, there is a general principle which is applicable here as the trial judge in denying appellant's motions specifically noted that "The appraisers' award is prima facie correct and the jury so found, and there is certainly evidence to support its verdict." (R-19) That principle has been repeatedly stated as follows: " 'When a case comes before this court, after the refusal of a new trial by the presiding judge, it comes not only with the presumption in favor of the verdict, but also stamped with the approval of the judge who tried the case, and where no prejudice or bias or corrupt means in reaching the verdict appear, we are not authorized to set it aside as being excessive.' [Cits.]" *Yale & Towne, Inc. v. Sharpe,* 118 Ga. App. 480, 492 (164 SE2d 318); *Jones v. Spindel,* 128 Ga. App. 88 (2) (196 SE2d 22).

We recognize there is a great difference between the probate judge's award of $8,000 and the jury's verdict of $27,200. As the probate court's judgment was permitted to be introduced without objection, the jury had the benefit of that lower amount. They decided that the widow was entitled to the award of the appraisers which consisted of the home property and contents.

Upon application of the controlling principles, we are constrained to hold that the verdict as approved by the trial judge should not be reversed.

*Judgment affirmed. Bell, C. J., concurs. Stolz, J., concurs specially.*

SUBMITTED JULY 13, 1976 — DECIDED SEPTEMBER 10, 1976.

*B. P. Jackson, Jr., Marvin Hartley, Jr.,* for appellants.

*Calhoun & Bryant, Malcolm F. Bryant, Jr.,* for appellee.

STOLZ, Judge, concurring specially.

There can be little or no doubt as to the correctness of the majority opinion under the precedents long ago established by our Supreme Court. This court is bound by those decisions and is without power to effect meaningful change. At the risk of being labeled a judicial heretic, I most respectfully submit that the time has come when the Supreme Court should again review the year's support statutes and case law with a view toward injecting a measure of fairness into the procedure. At present, the widow can usually pre-empt an estate to the utter exclusion of other lawful heirs (her sui juris children or those by a prior marriage) and creditors of the estate. The statute provides for the setting apart of "a sufficiency from the estate for . . . support and maintenance for the space of 12 months. . ." Code § 113-1002. Additional petitions for year's support may be filed if the estate is kept together for more than one year. Code § 113-1004. Thus, there is ample opportunity for the widow to have access to a substantial portion of very large estates without others who have rights and interests being unfairly excluded.

The lack of fairness in the law as it is being applied, is made apparent in the citations contained in the majority opinion. In a series of decisions, our highest court has held (1) that if the appraisers have acted upon insufficient or misleading information, the injured party can caveat the return and raise all relevant facts (*Moore v. Moore,* 126 Ga. 735, 739, supra); (2) that, however, since the trial in superior court is de novo, no inquiry is permitted as to whether the appraisers acted singly or as a group, nor as to the evidence which they considered[1] in making their

---

[1]This presumably precludes any testimony that the appraisers heard no evidence before making their return.

return (*Knowles v. Knowles,* 125 Ga. App. 642, supra); (3) that the appraisers cannot testify as to the basis of the return; and (4) that the appraisers' return is prima facie correct (*Brumbelow v. Brumbelow,* 111 Ga. App. 665, supra).

It seems incredible that such an essentially unfair procedure could exist in a system of justice based on fair play. The issue is not one of impeaching the appraisers' return, but one of determining the amount of money or property or both to which a widow and/or minor children are entitled for support for one year. It seems most one-sided and arbitrary that an appraisers' return should be given judicial certification as "prima facie correct" when the appraisers might never have met, made any investigation, heard or examined any evidence, or done anything more than estimate the maximum value of the estate and make such their award. Either the rule prohibiting attack on the appraisers' return or that making the return prima facie correct or both, should be changed. The members of this court are powerless to do so. I can but hope that those of our highest court will correct the imbalance created in some of their predecessors' decisions. I concur in the judgment of affirmance.