A98A2430. INGRAM v. RUFF et al.
(511 SE2d 549)

BEASLEY, Presiding Judge.

Ruff and his siblings brought this dispossessory action against Ingram. They are the grandchildren of Anna Ruff Castleberry and the stepgrandchildren of George Castleberry. Defendant is a son of Castleberry's second wife, Maria Ingram Castleberry.

George Castleberry died testate in Hancock County in December

1969. He was predeceased by his first wife and survived by his second. Although he fathered no children, he assisted in rearing plaintiffs.

The benefits which Castleberry conferred upon his widow Maria under his will consisted of a bequest of $300 and a life estate in the parties' marital residence. His will also contained an election clause directing that the benefits awarded to the widow were to be accepted by her in lieu of, and as a bar to, a year's support. Plaintiffs were named as the remaindermen of the widow's life estate, and Castleberry's brother was appointed sole executor.

In January 1970, the executor petitioned to probate the will in common form. After the will was probated, widow Maria filed a petition for year's support on grounds that the benefits she received under the will were inadequate. The executor was served with a copy of this petition. Plaintiffs were not served. In April, the widow was awarded as year's support an automobile valued at $100, fee simple title to the marital residence valued at $2,050, and $500 cash.

In January 1971, the executor sought discharge as executor of the will, stating he had delivered to the devisees named therein the lands devised and to the legatees the personal property bequeathed. In March, the court of ordinary issued letters of dismission.

The widow occupied the subject property until she died intestate in 1994. Her estate has not been administered. Claiming the property as heir at law of his mother because she was awarded fee simple title in the year's support proceeding, defendant has taken possession of and refuses to vacate the premises. Plaintiffs claim fee simple title as remaindermen under the will of their stepgrandfather.

Plaintiffs moved for summary judgment on grounds that the year's support award should be set aside in that: (1) as devisees under their stepgrandfather's will, their due process rights were violated because they were not given personal notice of the year's support proceeding; and (2) the widow was barred from instituting such proceeding by accepting benefits under the will. Defendant filed a cross-motion for summary judgment or to dismiss, contending that service on the executor was sufficient to satisfy due process in the year's support proceeding and that the award is not subject to being set aside. The court granted plaintiffs' motion and denied defendant's. We allowed interlocutory appeal from the denial of defendant's motion for summary judgment or to dismiss. He enumerates as error the denial of his motion and the grant of plaintiffs'.[1]

---

[1] Although defendant could have directly appealed the grant of plaintiffs' motion for summary judgment and enumerated as error the denial of his motion, he also had the option of filing an application for interlocutory appeal. *Southeastern Security Ins. Co. v. Empire Banking Co.*, 268 Ga. 450 (490 SE2d 372) (1997).

1. Service of the application for a year's support on the executor of decedent's will satisfied due process requirements.

In *Allan v. Allan*,[2] relied on by plaintiffs and the trial court, the holding of the Supreme Court was that "the statutory year's support scheme which allows a final judgment to be obtained by a widow awarding her the decedent's property in an unrepresented estate upon notice only by publication to persons who have a legally protected interest in the property is constitutionally impermissible."[3] The *Allan* Court, however, concluded that "[i]f the estate has a representative, [OCGA § 53-3-6] requires that notice of the application for year's support be given to that person. That notice satisfies the requirements of due process. The representative's obligation is to protect the interests of all interested persons. [Cit.]"[4] Therefore, under *Allan*, plaintiffs' due process rights were not violated. Moreover, *Allan* cannot be used to collaterally attack prior year's support awards, such as the one in this case, as *Allan* is not to be applied retroactively.[5]

2. The year's support award is not subject to being set aside by reason of the election clause in Castleberry's will.

It is true that where a testator makes provision for his wife in lieu of a year's support, and she accepts such provision after her husband's death, the right to a year's support is barred.[6] But it appears from the record that the widow received money and land from Castleberry's estate as a year's support rather than as benefits under his will. Secondly, a motion to set aside a judgment must be brought within three years from its entry unless it is void for lack of personal or subject matter jurisdiction.[7] Since the year's support award is not void on jurisdictional grounds, it cannot now be set aside by plaintiffs.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 28, 1999 —
RECONSIDERATION DENIED FEBRUARY 9, 1999 — 

*H. Wilson Haynes, Jr.*, for appellant.
*Joel D. Burns*, for appellees.

---

[2] 236 Ga. 199 (223 SE2d 445) (1976).

[3] (Footnote omitted.) Id. at 206.

[4] Id. at n. 1.

[5] Id. at 208.

[6] *Samples v. Samples*, 107 Ga. App. 788, 790 (2) (131 SE2d 584) (1963).

[7] See OCGA § 9-11-60; *Murphy v. Murphy*, 263 Ga. 280 (430 SE2d 749) (1993).